**STATE of Minnesota, Respondent,**

v.

**Carla C. McKINNEY, Appellant.**

No. C9–97–1544.

Court of Appeals of Minnesota.

March 10, 1998.

Hubert H. Humphrey III, Attorney General, and Shari A. Jacobus, Peterson, Bell, Converse & Jensen, P.A., St. Paul, for respondent.

Steven J. Meshbesher, Sherri D. Hawley, Meshbesher & Associates, P.A., Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and TOUSSAINT, C.J., and FOLEY, J.

## OPINION

DANIEL F. FOLEY, Judge.*

Appellant contends her prosecution for assault violates the double jeopardy clause because the disciplinary sanctions imposed on her in prison were grossly disproportionate to her conduct and constituted punishment. We affirm.

## FACTS

During her incarceration at the Volunteers of America Correctional Facility for Women (VOA), appellant Carla C. McKinney was involved in an altercation with another inmate. Although no correctional facility staff witnessed the incident, they heard a loud argument and, upon arriving at the scene, found appellant unharmed and the victim with two scratches on her neck and a watering eye.

After a disciplinary hearing at the VOA, the hearing officer found that appellant violated three rules: behavior disruptive to the facility, assault, and excessive noise. As a sanction for this incident, appellant lost five days of good time and was restricted to her room for six days, with one-half day credit.

As a result of this incident, the county attorney subsequently charged appellant with misdemeanor assault and disorderly conduct. Appellant moved for dismissal based on double jeopardy in violation of Minn.Stat. § 609.035 (1996). Following a hearing, the trial court denied her motion. Appellant later entered an *Alford* plea.

## ISSUE

Did the trial court erroneously determine that appellant's prosecution for assault did not constitute double jeopardy after appellant had already gone through prison disciplinary proceedings?

## ANALYSIS

Appellant challenges her criminal prosecution, contending the disciplinary sanctions she received at VOA were grossly dispropor-

tionate to the offense she committed and, consequently, constituted punishment and invoked the double jeopardy clause against further prosecution.

The constitutions of the United States and the State of Minnesota protect against a person being punished twice for the same offense. *See* U.S. Const. Amend. V (no person shall "be subject for the same offense to be twice put in jeopardy of life or limb"); Minn. Const. Art. I, § 7 ("no person shall be put twice in jeopardy of punishment for the same offense"). In addition, this state has a double jeopardy statute that serves to eliminate multiple prosecutions and punishments. Minn.Stat. § 609.035, subd. 1 (1996) (providing that person may be punished for only one offense, even if one's conduct constitutes more than one offense under the law).

Appellant bases her double jeopardy argument on the rule of law set forth in *United States v. Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1901–02, 104 L.Ed.2d 487 (1989). But, the United States Supreme Court has recently clarified the method for evaluating double jeopardy claims arising out of cases involving civil and criminal sanctions. *Hudson v. United States*, —— U.S. ——, ——, 118 S.Ct. 488, 493–94, 139 L.Ed.2d 450 (1997). In *Halper*, the Court had focused on the relation of the sanction to the harm caused, and looked to the character of the sanction, rather than the statutory language, to determine its nature as a remedy or a penalty. *Hudson*, —— U.S. at ——, 118 S.Ct. at 493–94. In *Hudson*, the Supreme Court disavowed its method of analysis in *Halper* and reaffirmed the double jeopardy doctrine set forth in *United States v. Ward*, 448 U.S. 242, 248–49, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980). *Hudson*, —— U.S. at ——, 118 S.Ct. at 491–93.

 The initial inquiry into whether a particular punishment is civil or criminal is a matter of statutory construction. *Id.* at ——, 118 S.Ct. at 493–94. We must consider whether the legislature indicated on the face of the statute that the penalty was criminal or civil. *Id.* Even if the legislature has creat-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ed a penalty and labeled it civil, the court may inquire " 'whether the statutory scheme was so punitive either in purpose or effect' as to 'transfor[m] what was clearly intended as a civil remedy into a criminal penalty.' " *Id.* (quoting *Ward,* 448 U.S. at 249, 100 S.Ct. at 2641 and *Rex Trailer Co. v. United States,* 350 U.S. 148, 154, 76 S.Ct. 219, 222, 100 L.Ed. 149 (1956)).

 When making this inquiry, the court may consider these factors as guideposts:

(1) 'Whether the sanction involves an affirmative disability or restraint'; (2) 'whether it has historically been regarded as a punishment'; (3) 'whether it comes into play only on a finding of scienter'; (4) 'whether its operation will promote the traditional aims of punishment—retribution and deterrence'; (5) 'whether the behavior to which it applies is already a crime'; (6) 'whether an alternative purpose to which it may rationally be connected is assignable for it'; and (7) 'whether it appears excessive in relation to the alternative purpose assigned.'

*Id.* (quoting *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963)). No one factor should be controlling. *Id.* Furthermore, the court must only consider these factors in relation to the plain statutory language. *Id.* When a statute expresses the legislative intent to create a civil penalty, the court may override that label only when "the clearest proof" establishes that "the statutory scheme was so punitive either in purpose or effect as to negate that intention." *Ward,* 448 U.S. at 248–49, 100 S.Ct. at 2641.

 Appellant's conduct while incarcerated led to a prison disciplinary proceeding and later criminal charges. Appellant contends the sanctions resulting from the disciplinary proceeding were punitive in nature, not remedial, and thus raise the double jeopardy bar against criminal prosecution for assault. We disagree.

 As a general rule, prison discipline is not considered "prosecution" and does not constitute double jeopardy. *State v. Kjeldahl,* 278 N.W.2d 58, 60–61 (Minn.1979); *see also Kerns v. Parratt,* 672 F.2d 690, 691 (8th Cir.1982) (holding prison disciplinary pro-

ceeding that resulted in defendant's loss of good time credit did not place defendant "in jeopardy" and did not bar criminal prosecution for assault). On the contrary, prison administrative proceedings are designed to establish and maintain order and security in the institution. *Kjeldahl,* 278 N.W.2d at 61.

Nevertheless, appellant contends the double jeopardy clause protects her from prosecution because the sanctions she received while incarcerated were grossly disproportionate to the offense she committed and, thus, constituted punishment. *See State v. McKenzie,* 542 N.W.2d 616, 621 (Minn.1996) (acknowledging rare cases in which particularly severe punishment for minor violation of prison rules could be so disproportionate to prison's remedial goals as to trigger double jeopardy). Appellant and *McKenzie,* however, rely on the failed *Halper* analysis. Even so, when following *Halper* in similar cases, Minnesota courts were not persuaded by the "disproportionate" test and did not invoke double jeopardy. *See McKenzie,* 542 N.W.2d at 621 (holding 300 days in segregation and proportionate loss of good time credit were not so overwhelmingly punitive or disproportionate to serious misconduct committed); *see also In re Welfare of E.R.D.,* 551 N.W.2d 238, 240, 244 (Minn.App.1996) (allowing delinquency petition to proceed because five-day suspension was not overwhelmingly disproportionate to youth's conduct of taking knife onto school property and, thus, did not constitute rare case in which civil sanction became punishment for purposes of double jeopardy).

Applying the double jeopardy analysis of *Hudson* to this case, we must conclude that double jeopardy does not attach here. The limited record reveals that appellant was involved in a loud and disruptive altercation in which she scratched and poked another inmate in the eye. The resulting disciplinary proceedings were civil and administrative in nature. The civil penalty imposed on appellant was six days of room restriction and a loss of good time. This penalty was not excessive and falls within the prison's methods to enforce discipline in order to maintain order and security for all inmates. *See Bell v. Wolfish,* 441 U.S. 520, 547–48, 99 S.Ct.

1861, 1878–79, 60 L.Ed.2d 447 (1979) (holding that prison's goals of maintaining internal order and security require court to defer to prison administrator's discretion when adopting and executing disciplinary policies). "[A]ll civil penalties have some deterrent effect." *Hudson,* —— U.S. at ——, 118 S.Ct. at 494. Neither the disciplinary proceeding nor appellant's penalty were "so punitive either in purpose or effect" as to negate their civil nature. *Ward,* 448 U.S. at 248–49, 100 S.Ct. at 2641. The trial court did not err when it denied appellant's motion to dismiss on the basis of double jeopardy and accepted her guilty plea.

## DECISION

Appellant's prosecution for assault does not violate double jeopardy because the underlying prison disciplinary proceeding was not a "prosecution" and her discipline was not "punishment." Appellant has not shown any clear proof that the disciplinary proceedings were so punitive as to render them criminal in nature. Appellant's conviction stands.

**Affirmed.**