**STATE of Minnesota, Respondent,**

v.

**Bradley Allan NELSON, Appellant.**

**No. C7–99–1305.**

Court of Appeals of Minnesota.

April 18, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Gayle C. Hendley, Assistant County Attorney, Minneapolis, MN (for respondent).

Kurt B. Glaser, Rau & Floyd, P.L.L.P., Minneapolis, MN (for appellant).

Considered and decided by KLAPHAKE, Presiding Judge, CRIPPEN, Judge, and SHUMAKER, Judge.

## OPINION

KLAPHAKE, Judge

In this appeal from a conviction for criminal vehicular operation and homicide, appellant Bradley Allan Nelson challenges a pretrial order declining to dismiss his criminal complaint on double jeopardy grounds, arguing that he was previously sanctioned for the same offense by suspension of his driver's license under Minn. R. 7409.2000 (1998). Because we conclude that the suspension was remedial, rather than punitive, separate criminal proceedings for the same conduct did not constitute a second punishment for double jeopardy purposes, and we affirm.

## FACTS

In the early morning hours of September 29, 1998, appellant was involved in a fatal car crash at a Bloomington intersection. Appellant's vehicle rear-ended another vehicle driven by Brian Dalzell. Stacy Klein died from injuries she received. Dalzell's other two passengers were injured in the accident: Annie Hagaman suffered life-threatening injuries that resulted in severe brain damage; and David Martin suffered a skull fracture. Appellant's blood alcohol concentration at the time of the accident was .11.

Appellant was charged with nine felony counts arising from the accident, and a jury found him guilty of two counts of criminal vehicular homicide and four counts of criminal vehicular operation in violation of Minn.Stat. § 609.21, subds. 1, 2 (1998).

At his Rasmussen hearing, appellant argued that the district court should dismiss the criminal complaint because he had already been punished for the same conduct by suspension of his driver's license upon issuance of the criminal complaint. Minn. R. 7409.2000 (1998) requires suspension, among other reasons, upon the filing of criminal vehicular homicide charges against a defendant. The district court

concluded that the suspension of appellant's license did not constitute punishment for purposes of double jeopardy. Appellant challenges that ruling.

## ISSUE

Did the trial court err in concluding that appellant's criminal vehicular homicide conviction did not constitute a second punishment for the same conduct as his license suspension and therefore did not violate the double jeopardy clause?

## ANALYSIS

A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *State v. Linville*, 598 N.W.2d 1, 2 (Minn. App.1999). The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Minnesota Constitution similarly provides that "no person shall be put twice in jeopardy of punishment for the same offense." Minn. Const. Art. I, § 7. Here, criminal adjudication for vehicular homicide could not follow suspension of appellant's driver's license if the suspension constituted "punishment" within the meaning of the double jeopardy clause.

A driver's license must be suspended by the commissioner of public safety under Minn. R. 7409.2000, subp. 1 if the commissioner "receiv[es] a record of a criminal charge for criminal vehicular homicide * * * arising out of the operation of a motor vehicle." The suspension must be terminated if the underlying criminal charges are dismissed or if the defendant in the underlying criminal action is acquitted. *Id.*, subp. 2, 3.

Minnesota courts have long held that revocation of a driver's license under the implied consent statute is not criminal and does not constitute punishment for double jeopardy purposes. *See, e.g., State v. Hanson*, 543 N.W.2d 84, 86 (Minn.1996) (Minnesota Supreme Court "decided over thirty years ago that a driver's license revocation followed by criminal punishment does not violate any constitutional protections against double jeopardy"); *State v. Dumas*, 587 N.W.2d 299, 303 (Minn.App.1998) ("implied consent license revocations are remedial in nature" and separate criminal charges for drunk driving do not violate double jeopardy principles), *review denied* (Minn. Feb. 24, 1999). In *Hanson*, the supreme court adopted the "solely deterrent/retributive" test, which "permits the imposition of a civil sanction which 'may fairly be characterized as remedial.'" *Id.* at 87–88 (quoting *United States v. Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989)).

More recently, however, the United States Supreme Court has severely restricted or implicitly rejected the double jeopardy analysis employed in *Halper*, upon which the Minnesota Supreme Court relied in deciding *Hanson*. *See Hudson v. United States*, 522 U.S. 93, 99–102, 118 S.Ct. 488, 493–95, 139 L.Ed.2d 450 (1997) (noting that *Halper* deviated from traditional double jeopardy analysis and reaffirming that double jeopardy analysis must always include consideration of whether punishment is "criminal" and whether the statute, on its face, rather than by the character of the actual sanctions imposed, provides for a criminal sanction); *see also State v. McKinney*, 575 N.W.2d 841, 843 (Minn.App.1998) ("[i]n *Hudson*, the Supreme Court disavowed its method of analysis in *Halper* and reaffirmed the double jeopardy doctrine set forth in" pre-*Halper* cases). Since *Hudson*, this court has affirmed that "[t]he initial inquiry into whether a particular punishment is civil or criminal is a matter of statutory construction." *McKinney*, 575 N.W.2d at 843. In *McKinney*, this court also adopted the following language in *Hudson* that enumerates a nonexclusive list of factors to consider in making that initial inquiry:

(1) 'Whether the sanction involves an affirmative disability or restraint'; (2) 'whether it has historically been regarded as a punishment'; (3) 'whether it

comes into play only on a finding of scienter'; (4) 'whether its operation will promote the traditional aims of punishment—retribution and deterrence'; (5) 'whether the behavior to which it applies is already a crime'; (6) 'whether an alternative purpose to which it may rationally be connected is assignable for it'; and (7) 'whether it appears excessive in relation to the alternative purpose assigned.'

*Id.* (quoting *Hudson,* 522 U.S. at 99–100, 118 S.Ct. at 493–94).

We conclude that appellant's double jeopardy claim fails under the standard applied by the Supreme Court in *Hudson,* or under either of the standards applied by Minnesota courts in *Hanson* and *McKinney.* The sanction applied in this case has not historically been regarded as punishment and may fairly be characterized as remedial under the "solely deterrent/retributive" test. Like an implied consent revocation, suspension of a driver's license under rule 7409.2000 serves a strong public safety interest—to prevent drivers from using Minnesota roads after they have caused the death of another person while operating a vehicle. Arguably, the public safety interest is stronger in rule 7409.2000 suspension cases than in implied consent cases because the underlying conduct that supports the sanction is much more serious.

Further, although rule 7409.2000 applies only upon the filing of a criminal complaint, this does not undermine the remedial nature of the rule. The primary purpose of the rule is to promote public safety, not to punish the driver. The language of the rule does not support appellant's argument that the rule is merely a "guise" for a summary criminal proceeding. The rule requires termination of the suspension if the underlying criminal charge is dismissed or if the accused driver is acquitted. *Id.* The suspension, however, becomes a revocation under rule 7409.1000 only if the driver is convicted of criminal vehicular homicide. Minn. R.

7409.2000, subp. 3. Thus, the suspension rule applies only as long as it appears that the driver will present a safety concern. As in implied consent cases, where a later criminal prosecution has been held to pass constitutional muster for double jeopardy purposes, a driver's license suspension under rule 7409.2000 does not bar a later criminal prosecution.

**DECISION**

Because administrative suspension of appellant's driver's license did not constitute punishment for double jeopardy purposes, the trial court did not err in concluding that the subsequent filing of criminal charges for the same conduct did not violate double jeopardy principles.

**Affirmed.**