**STATE of Minnesota, Respondent,**

v.

**Harold P. HOST, Appellant.**

**No. C8-83-1153.**

Court of Appeals of Minnesota.

July 3, 1984.

Paul Widick, St. Cloud, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John R. Leitner, Aitkin County Atty., Aitkin, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of the trial court's August 8, 1983, order committing appellant to the Aitkin County jail. Appellant pleaded guilty to misdemeanor speeding, Minn. Stat. §§ 169.141, 169.89 (1982). On appeal, appellant contests the constitutionality of the aggregation of his prior uncounseled petty misdemeanor speeding convictions which resulted in classification of the current offense as a misdemeanor. We affirm.

## FACTS

Appellant is a salesman. He sells home related products to distributors for seven manufacturers in three different states. About 3:02 P.M. on June 18, 1983, he was issued a speeding ticket for traveling 69 m.p.h. in a 55 m.p.h. zone, a violation of Minn.Stat. § 169.141 (1982).

Appellant had at least sixteen prior moving violations in his driving career. The speeding ticket involved in this case was his fourth moving violation within one year. Because appellant had at least two other moving violations within the year, the deputy clerk of court for Aitkin County sent appellant notice that a court appearance scheduled for July 22, 1983, was mandatory. Appellant failed to appear. The trial court issued a bench warrant for appellant's arrest, set bail at $300.00, and ordered a certificate of conviction be sent to the Commissioner of Public Safety's office.

On August 1, 1983, the deputy clerk of court sent appellant notice of the court's July 22 order. The notice also informed appellant he could avoid execution of the warrant by appearing for sentencing on August 8, 1983. Appellant voluntarily appeared on August 8.

Prior to sentencing appellant, the trial court asked appellant if he understood the charge against him, informed appellant of his right to counsel and his right to appointed counsel if he could not afford to retain counsel. The court also inquired whether appellant had a copy of the "statement of rights" document and paused to give appellant time to read the document. The court then continued its inquiry and appellant acknowledged reading the document, understanding his rights and understanding his right to counsel, including the right to appointed counsel and the possibility of incarceration. When asked whether he desired legal representation, appellant said no.

Thereafter, appellant pleaded guilty to misdemeanor speeding, Minn.Stat. §§ 169.-141, subd. 2, 169.89, subd. 1 (1982). The trial court fined him $300.00 and sentenced him to 30 days in the county jail with 25 days suspended upon payment of the fine and surcharge. The court further noted its recommendation to the state would be a one year suspension of appellant's license.

On August 9, 1983, a privately retained attorney appeared before the trial court on appellant's behalf. He informed the court of appellant's intent to appeal the court's order and requested a stay of execution. A stay was granted upon posting of $1,000.00 bail. This appeal followed.

## ISSUE

Whether it is permissible to aggregate prior uncounseled petty misdemeanor speeding convictions when charging a defendant for a subsequent speeding offense.

## ANALYSIS

Minn.Stat. § 169.141, subd. 2 (1982) provides in part:

> Any speed in excess of the designated maximum speed as contained in the [Commissioner of Transportation's] order is unlawful, and the penalties provided in section 169.89 apply.

*Id.* Minn.Stat. § 169.89 (1982) in turn provides:

> Unless otherwise declared in this chapter with respect to particular offenses, it is a petty misdemeanor for any person to do any act forbidden or fail to perform any act required by this chapter; except that: * * * (b) exclusive of violations relating to the standing or parking of an unattended vehicle, a violation of any of the provisions of this chapter, classified therein as a petty misdemeanor, when preceded by two or more petty misdemeanor convictions within the immediate preceding 12 months period; is a misdemeanor * * *.

Minn.Stat. § 169.89, subd. 1 (1982).

Appellant admits the validity of the current speeding ticket and acknowledges it was his fourth speeding citation of the calendar year. He also admits pleading guilty to each of the three prior citations by simply mailing the fine to the designated authority. Appellant objects, however, to the aggregation of these three uncounseled petty misdemeanor convictions which resulted in a misdemeanor conviction for the current speeding offense.

The issue of aggregation of prior uncounseled offenses has been addressed in two recent Minnesota decisions. In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), the Minnesota Supreme Court stated:

Whether a defendant is indigent or not, there must be a valid waiver of the right to counsel on the record when the plea of guilty is entered or that conviction cannot be used to enhance the term of incarceration for a subsequent offense.

\* \* \* \* \* \*

Absent that valid waiver on the record of defendant's right to counsel, the misdemeanor DWI conviction based on an uncounseled plea of guilty cannot be used as the basis of a gross misdemeanor charge under section 169.121, subds. 1 and 3.

*Id.* at 905 (footnote omitted).

In *State v. Medenwaldt*, 341 N.W.2d 885 (Minn.Ct.App.1984), this Court held that the trial court did not err in holding the state failed to show the defendant's prior uncounseled misdemeanor conviction was obtained in a manner consistent with constitutional requirements. *Id.* at 887. The state was thus precluded from using the misdemeanor conviction to charge defendant with a gross misdemeanor for the second offense. *Id.* at 888.

Unlike *Nordstrom* and *Medenwaldt*, appellant's prior convictions were for petty misdemeanors. Under Minn.Stat. § 169.89, subd. 2 (1982), appellant was not subject to imprisonment for conviction of the petty misdemeanors.[1] In fact, Rule 23.06 of the Minnesota Rules of Criminal Procedure states that "[a] petty misdemeanor shall not be considered a crime." *Id. See also* Minn.Stat. § 609.02, subds. 1, 4a (1982) (statutory definitions of crime and petty misdemeanor). These distinctions warrant a result different from those in *Nordstrom* and *Medenwaldt*.

## DECISION

It was permissible to aggregate appellant's prior uncounseled speeding convictions in charging appellant with the current

---

**1.** Minn.Stat. § 169.89, subd. 2 (Supp.1983) reads:

A person charged with a petty misdemeanor is not entitled to a jury trial but shall be tried by a judge without a jury. If convicted, he is not subject to imprisonment but shall be punished by a fine of not more than $100.

speeding offense. The order of the trial court sentencing appellant for misdemeanor speeding in violation of Minn.Stat. §§ 169.141, 169.89 (1982) is affirmed.

Affirmed.