STATE of Minnesota, Plaintiff,

v.

**John (NMN) FRIEDRICH, Defendant,**

**STATE of Minnesota, Plaintiff,**

v.

**David Joseph DUREN, Defendant.**

No. C7–88–1972.

Court of Appeals of Minnesota.

Feb. 28, 1989.

Shawn M. Moynihan, Hertogs, Fluegel, Sieben Polk, Jones & Laverdiere, P.A., Asst. City Atty. for City of Hastings, Hastings, David L. Harmeyer Grannis, Grannis, Farrell & Knutson, Asst. City Attorney for City of Inver Grove Heights, South St. Paul, for State

C. Paul Jones, State Public Defender by Cathryn Middlebrook, Asst. State Public Defender, Minneapolis, for John (NMN) Friedrich.

Tim Wermagen, Hastings, for David Joseph Duren.

Considered and decided by RANDALL, P.J., and FOLEY and SCHUMACHER, JJ., without oral argument.

## OPINION

SCHUMACHER, Judge.

Appellant State of Minnesota prosecuted respondents for driving under the influence. ("DWI") The state used prior guilty pleas by respondents to Wisconsin DWI charges to enhance the Minnesota DWI offense and charged respondents with a gross misdemeanor. The trial court refused to permit enhancement of the charge but certified the question to this court as important and doubtful. The state appeals from the court's order prohibiting enhancement.

## FACTS

Respondent John Friedrich was arrested for DWI in Hastings, Minnesota, August 19, 1987. Friedrich consented to an Intoxilyzer test which indicated he had a .30 alcohol concentration. Friedrich was charged with a gross misdemeanor by the Hastings City Attorney. The city attorney enhanced the regular misdemeanor charge to a gross misdemeanor by considering Friedrich's July 15, 1985 conviction for DWI in Wisconsin. Friedrich had pleaded guilty to a petty misdemeanor for the Wisconsin DWI charge.

Respondent Duren was arrested for DWI on February 21, 1988 in Inver Grove Heights, Minnesota. Duren refused to provide a breath sample. Duren was charged with a gross misdemeanor. The charge was based on Duren's June 9, 1986 plea to a DWI charge in Wisconsin.

The parties stipulated that the Wisconsin pleas for both respondents were entered without advice of counsel. It was also stipulated that the pleas were obtained without a waiver of counsel and without a factual basis on the record.

The cases against respondents were consolidated. Respondents moved to prevent the prosecutors from using respondents' prior DWI convictions in Wisconsin to enhance the misdemeanor charges to gross misdemeanors. On September 14, 1988, the trial court ruled that uncounseled Wisconsin DWI convictions could not be used to enhance a misdemeanor. The trial court certified this question as important and doubtful.

## ISSUE

May Minnesota use an uncounseled plea of guilty to a DWI charge pursuant to Wisconsin statute § 346.63(1)(a) under which a defendant may not be incarcerated to enhance a Minnesota DWI charge?

## ANALYSIS

Respondents were charged with DWI under section 169.121 of the Minnesota Statutes. That section reads in pertinent part:

Subdivision 1. Crime. It is a misdemeanor for any person to drive, operate or be in physical control of any motor vehicle within this state * * *

(a) when the person is under the influence of alcohol;

(d) when the person's alcohol concentration is 0.10 or more;

Minn.Stat. § 169.121, subd. 1(a), (d) (1986).

Subdivision 3. Criminal penalties. A person who violates this section or an

ordinance in conformity with it is guilty of a misdemeanor.

The following persons are guilty of a gross misdemeanor:

(a) A person who violates this section or an ordinance in conformity with it within five years of a prior conviction under this section, section 169.129, an ordinance in conformity with either of them, or a statute or ordinance from another state in conformity with either of them;

Minn.Stat. § 169.121, subd. 3(a) (1987 Supp).

Additionally, Minnesota statutes define a misdemeanor as a crime for which a defendant may be sentenced to a maximum of 90 days or fined $700 or less. Minn.Stat. § 609.02, subd. 3 (1986). The Minnesota Constitution art. 1, § 6 grants a person accused of a misdemeanor the right to counsel and requires that the accused be informed of that right. *State v. Nordstrom*, 331 N.W.2d 901, 903 (Minn.1983). Further, the accused must make a "knowing and intelligent waiver of that right on the record." *Nordstrom*, 331 N.W.2d at 904 (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

Respondents' prior DWI convictions were obtained pursuant to section 346.63(1)(a) of the Wisconsin Statutes which reads in pertinent part: "No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance." Wis.Stat. § 346.63(1)(a) (1981). A person violating § 346.63(1)

a. Shall forfeit not less than $150.00 nor more than $300.00.

b. Shall not be fined less than $300.00 nor more than $1000.00 and imprisoned not less than five days nor more than six months if the total of * * * convictions for violations of section 346.63(1) or local ordinances in conformity therewith equals two within a five-year period.

Wis.Stat. § 346.65(2)(a), (b) (1981).

Section 169.121 of the Minnesota Statutes permits the state to use a conviction under a statute from another state "in conformity with" the Minnesota statute to enhance a misdemeanor charge. A comparison of the Wisconsin and Minnesota DWI statutes shows the Wisconsin statute conforms with the Minnesota statute.

However, Wisconsin procedural safeguards do not offer a person accused of a DWI the same protection as Minnesota. An uncounseled guilty plea to a DWI charge in Wisconsin may serve as the basis for enhancement pursuant to Wis.Stat. § 346.65(2)(b). *State v. Novak*, 107 Wis.2d 31, 318 N.W.2d 364, 370 (1982). Unlike Wisconsin, the Minnesota Supreme Court has placed great emphasis on a person's right to counsel when accused of a misdemeanor, conviction for which may later serve as a basis for enhancement. In *Nordstrom*, 331 N.W.2d 901, 905, the defendant pleaded guilty to a DWI charge in Olmsted County, Minnesota without the advice of counsel. There was no record of a waiver of counsel by Nordstrom. Three years later, Nordstrom was again charged with DWI in Olmsted County. The prosecutor sought to enhance the usual misdemeanor charge to a gross misdemeanor but the supreme court refused to permit enhancement:

> Minnesota law has established a broadbased right to counsel * * *. [T]his court, in the exercise of its supervisory power to insure the fair administration of justice, decided 'that counsel should be provided in any case, whether it be a misdemeanor or not, which may lead to incarceration in a penal institution.' [*State v.*] *Borst* [, 278 Minn. 388], 154 N.W.2d 888 [ (1967) ]. Our concern, expressed in *Borst*, that an accused person may wind up in jail without the assistance of counsel to present what defense he may have remains unchanged. That right to counsel and the Rules of Criminal Procedure we have established to protect it must be observed. Whether a defendant is indigent or not, there must be a valid waiver of the right to counsel on the record when the plea of guilty is entered or that conviction cannot be used to enhance the term of incarceration for a subsequent offense.

*Nordstrom*, 331 N.W.2d at 904–905.

This court has held that guilty pleas to petty misdemeanor moving violations not

punishable by incarceration may be used for enhancement purposes pursuant to Minn.Stat. § 169.89, subd. 1. *See State v. Host,* 350 N.W.2d 479 (Minn.Ct.App.1984). However, we find the Legislature intended to differentiate DWI offenses from other violations involving a motor vehicle. The Legislature has adopted an enhancement statute solely for DWI charges. Minn. Stat. § 169.121, subd. 3. Further, it expressly denies the right to a jury trial to persons accused of petty misdemeanors under chapter 169. Minn.Stat. § 169.89, subd. 2. No such limitation exists for one accused of a DWI. We find *Nordstrom* to be controlling in these cases.

In the present cases, using the Wisconsin uncounseled plea to enhance a Minnesota DWI would subject the respondents to incarceration. *Nordstrom* does not permit incarceration for an uncounseled guilty plea to a DWI whether taken in Minnesota or Wisconsin.

## DECISION

AFFIRMED.