STATE of Minnesota, Appellant,

v.

Thomas GILMARTIN, Respondent.

No. C6–95–508.

Court of Appeals of Minnesota.

Aug. 8, 1995.

Review Denied Sept. 20, 1995.

erroneous.

## OPINION

TOUSSAINT, Chief Judge.

In this appeal from a pretrial suppression order, the state argues the district court erred in determining that a reading of the implied consent advisory is subject to the electronic recording requirement of *State v. Scales*, 518 N.W.2d 587 (Minn.1994). We reverse and remand.

## FACTS

Respondent Thomas Gilmartin was brought to the University of Minnesota Police Station after a police officer suspected respondent of driving a motor vehicle while under the influence of alcohol. A police officer at the station read respondent the implied consent advisory. Respondent allegedly waived his right to consult an attorney and refused to submit to a blood-alcohol test.

Respondent was charged with driving while under the influence of alcohol and refusing to submit to a chemical test. Minn. Stat. § 169.121, subds. 1(a), 1a (1994). At the omnibus hearing, respondent moved to suppress all testimony regarding his refusal to submit to a chemical test and his alleged waiver of counsel. The district court granted respondent's motion, ruling that because the police did not record respondent's statements while in custody, suppression was required by *State v. Scales*, 518 N.W.2d 587 (Minn. 1994). This appeal followed.

## ISSUE

Did the district court err in granting respondent's motion to suppress testimony regarding his alleged refusal to submit to testing and his alleged waiver of counsel?

## ANALYSIS

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Surell Brady, Minneapolis City Atty., Joan M. Schroeder, Asst. City Atty., Minneapolis, for State.

Donald H. Nichols, Nichols, Kaster & Anderson, Minneapolis, for Thomas Gilmartin.

Considered and decided by PARKER, P.J., TOUSSAINT, C.J., and HARTEN, J.

Where the facts of a pretrial order suppressing evidence are not in dispute and the district court's decision is a question of law, this court independently reviews the facts and determines, as a matter of law, whether the evidence need be suppressed. *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn. 1992). This court will reverse the district court's decision only if the state demonstrates that the district court erred in its

judgment and that the error will have a critical impact on the trial's outcome. *State v. Kim,* 398 N.W.2d 544, 547 (Minn.1987). Here, the parties do not dispute that the district court's decision will have a critical impact; the only question is whether the district court erred in granting respondent's motion to suppress.

The Minnesota Supreme Court, in the exercise of its supervisory power, has held that:

> all custodial interrogation including any information about rights, any waiver of those rights, and all questioning shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention. If law enforcement officers fail to comply with this recording requirement, any statements the suspect makes in response to the interrogation may be suppressed at trial.

*State v. Scales,* 518 N.W.2d 587, 592 (Minn. 1994). Here, the district court ruled that the reading of the implied consent advisory at the police station was a custodial interrogation, and the failure of the police to record the interrogation required suppression of the evidence obtained from the interrogation.

■ The reading of the implied consent advisory is not a custodial interrogation. *See South Dakota v. Neville,* 459 U.S. 553, 564 n. 15, 103 S.Ct. 916, 923 n. 15, 74 L.Ed.2d 748 (1983). There the Supreme Court stated:

> In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda.*

The request to submit to a blood-alcohol test is police conduct "normally attendant to arrest and custody, * * * similar to a police request to submit to finger printing or photography." *Id.* (citing *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980)). Minnesota has followed this analysis. *See Nyflot v. Commissioner of Pub. Safety,* 369 N.W.2d 512 (Minn.1985); *State v. Gross,* 335 N.W.2d 509 (Minn.1983); *State v. Whitehead,* 458 N.W.2d 145 (Minn.

App.1990), *pet. for rev. denied* (Minn. Sept. 14, 1990).

Respondent nonetheless argues that the reading of the implied consent advisory is a custodial interrogation because the question "Will you submit to a blood-alcohol test?" calls for a potentially incriminating response. *See Whitehead,* 458 N.W.2d at 150 ("Custodial interrogation is questioning that the police should know is reasonably likely to elicit an incriminating response from the suspect.") (citing *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980)). Respondent argues the request for a blood-alcohol test calls for a potentially incriminating response because refusal to submit to a test is a crime. *See* Minn.Stat. § 169.121, subd. 1a (1994). Respondent argues that *Nyflot, Gross,* and *Whitehead* are inapposite because those cases were decided before a refusal to submit to testing became a crime in Minnesota. *See* 1989 Minn.Laws ch. 290, art. 10, § 2 (amending Minn.Stat. § 169.121 to provide that a refusal to submit to testing is a crime under certain circumstances).[1]

Minnesota courts have addressed similar arguments before. In *McDonnell v. Commissioner of Pub. Safety,* 473 N.W.2d 848 (Minn.1991), the defendant argued that the addition of potential criminal penalties for refusing a blood-alcohol test required a different conclusion than that reached by the Supreme Court in *Neville. Id.* at 855. The Minnesota Supreme Court disagreed, and held that section 169.121 (providing criminal penalties for refusing to submit to testing) does not violate the privilege against self-incrimination protected by both the Minnesota and United States constitutions. *Id.* The petitioner in *Umphlett v. Commissioner of Pub. Safety,* 533 N.W.2d 636 (Minn.App. 1995), like appellant here, argued that *Whitehead* was no longer applicable since refusal to submit to testing had become a crime. Another panel of this court rejected that argument, relying on the rule of *McDonnell.* We see no reason to deviate from that holding here.

---

1. The defendant in *Whitehead* was arrested for driving while under the influence on November 16, 1988.

Respondent argues alternatively that suppression was required here in order to protect respondent's right to counsel. A driver who has been stopped for a possible DUI violation and has been asked to submit to a chemical test is afforded a limited right to counsel. *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828 (Minn.1991). In *Scales,* the supreme court noted that:

> the recording of custodial interrogations "is now a reasonable and necessary safeguard, essential to the adequate protection of the accused's right to counsel, his right against self incrimination and, ultimately, his right to a fair trial."

*Scales,* 518 N.W.2d at 592 (quoting *Stephan v. State,* 711 P.2d 1156, 1159–60 (Alaska 1985)). But, the Minnesota Constitution guarantees only a limited right to counsel in the context of the implied consent advisory. *Friedman,* 473 N.W.2d at 837. And, regardless of whether the concern is with protection of the right against self-incrimination or the limited right to counsel, the recording requirement of *Scales* applies only to custodial interrogations. *Scales,* 518 N.W.2d at 592. A reading of the implied consent advisory is not a custodial interrogation. *Neville,* 459 U.S. at 564 n. 15, 103 S.Ct. at 927 n. 15; *McDonnell,* 473 N.W.2d at 855; *Umphlett,* 533 N.W.2d at 639–40; *Whitehead,* 458 N.W.2d at 148.

Finally, we emphasize that the supreme court's decision in *Scales* was not based on either the Federal or the Minnesota Constitution. *Scales,* 518 N.W.2d at 592. Rather, the court based the decision on its "supervisory power to insure the fair administration of justice." *Id.* Rules of court adopted in this fashion, while having "constitutional overtones," are based neither on constitution nor statute. *State v. Borst,* 278 Minn. 388, 402, 154 N.W.2d 888, 897 (1967) (Peterson, J., concurring). Instead, the power to promulgate such rules "derives from the supreme court's power to supervise the trial court." *Umphlett,* 533 N.W.2d at 640 (citing *State v. Salitros,* 499 N.W.2d 815, 820 (Minn.1993)). As an intermediate appellate court, we decline to exercise supervisory powers reserved to this state's supreme court. Any modification of the recording requirement of *Scales* must be left to the discretion of the Minnesota Supreme Court.

## DECISION

Because a reading of the implied consent advisory is not a custodial interrogation, the recording requirement of *State v. Scales,* 518 N.W.2d 587 (Minn.1994) does not apply. Thus, the district court erred in granting respondent's motion to suppress testimony regarding his alleged refusal to submit to testing and his waiver of counsel.

**Reversed and remanded.**