Albert Arnold GARCIA, petitioner,
Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C5–97–1380.

Court of Appeals of Minnesota.

Dec. 4, 1997.

Jeffrey B. Ring, St. Louis Park, for respondent.

Hubert H. Humphrey III, Attorney General, Joel A. Watne, Assistant Attorney General, St. Paul, for appellant.

Considered at Special Term and decided by HUSPENI, P.J., and KLAPHAKE and HARTEN, JJ.

## SPECIAL TERM OPINION

HUSPENI, Judge.

### FACTS

The Commissioner of Public Safety appeals an order filed June 13, 1997, rescinding the revocation of the driver's license of respondent Albert A. Garcia. The appeal was served and filed by mail on July 29, 1997. Respondent moves to dismiss the appeal as untimely on the ground that he served a notice of filing of the June 13, 1997, order by mail on June 25, 1997. Appellant opposes the motion. Respondent also moves to strike appellant's response to the motion as untimely.

### DECISION

■ Any party aggrieved by the decision of the reviewing court in an implied consent proceeding may appeal the decision as provided in the rules of appellate procedure. Minn.Stat. § 169.123, subd. 7 (1996). An implied consent proceeding is a "special proceeding" and an appeal from an order rescinding or sustaining the revocation is taken under Minn. R. Civ.App. P. 103.03(g). *Knutson v. Commissioner of Pub. Safety*, 406 N.W.2d 560, 561–62 (Minn.App.1987), *overruled in part on other grounds by Pahlen v. Commissioner of Pub. Safety*, 482 N.W.2d 493 (Minn.App.1992).

■ Except as otherwise provided by statute, an appeal from a final order in a special proceeding must be taken within 30 days after service by the adverse party of written notice of filing. Minn. R. Civ.App. P. 104.01, 104.03. Three days are added to the prescribed period if service of the document triggering the period is by mail. Minn. R. Civ.App. P. 125.03. If respondent's notice of filing was effective in this case, the time to appeal the June 13, 1997, order expired on July 28, 1997, which was 33 days after the notice was served by mail on June 25, 1997. Therefore, a notice of appeal filed July 29, 1997, would have been untimely. Appellant argues, however, that service of the notice was ineffective to initiate the appeal period because the minimum requirements for a notice of filing were not met. We conclude that appellant is correct.

■ Service of the notice of filing is essentially a timing mechanism (to limit appeal time), rather than a means to advise the other party that a decision or order has been filed. *See Rieman v. Joubert*, 376 N.W.2d 681, 684 (Minn.1985). At a minimum, the notice must be a separate writing that calls to the attention of the recipient what it is that has been filed and when. *Id.* at 683. Proper practice is for the notice to be a separate paper, appropriately captioned, with an adequate description of the order or decision filed and the date of filing. *Id.* at n. 1.

Standing alone, respondent's purported notice would not have been sufficient to limit the appeal time because the cover letter is not captioned as a notice of filing and does not indicate the date of filing or otherwise describe the order.[1] *See In re Estate of Opsahl*, 440 N.W.2d 185, 186 (Minn.App. 1989) (purported notice of filing not appropriately captioned and lacking mention that order has been filed, date of filing, and purpose of notice held not effective to limit time for appeal). Respondent argues that the cover letter was effective to limit the appeal time because it was accompanied by a copy of the order showing the June 13, 1997, filing date. *See In re Establishment of County Ditch No. 11*, 511 N.W.2d 54, 57 (Minn.App.1994) (construing notice and any attachments as a whole), *review denied* (Minn. Mar. 31, 1994).

In *County Ditch No. 11*, this court held that an appeal from a judgment in a drainage proceeding was untimely, because the appeal

---

1. The entire text of the cover letter read as follows:
   Enclosed herein and served upon you by U.S. Mail please find Findings of Fact, Conclusions of Law and Order relating to the above-captioned matter.

was not taken within 30 days after entry of judgment as required by the applicable statute. *Id.* at 56. Alternatively, this court indicated that even if a different appeal time was not provided by statute, the appeal still would have been untimely under the appellate rules because respondent's cover letter enclosing and serving "the findings and order executed * * * on June 24, 1993," accompanied by a copy of the judgment, was effective to limit the time for appeal. *Id.* at 57.

 While respondent relies on *County Ditch No. 11* in support of his argument that notice of filing was sufficient, we find that reliance to be misplaced. Our indication in *County Ditch No. 11* that the cover letter and attachments would be construed as a whole was not intended to excuse careless drafting of the notice, or to endorse substitution of some other document for a proper notice of filing. We clarify now that service of a simple cover letter that does not contain the minimum elements for a notice of filing does not limit the appeal time merely because the letter is accompanied by a copy of the order or judgment. Our holding is consistent with the purpose of the notice of filing to definitely and unambiguously notify the opposing party of the commencement of the appeal period. *See Duluth Ready–Mix Concrete, Inc. v. City of Duluth,* 520 N.W.2d 775, 777–78 (Minn.App.1994) (service of copy of order or judgment only, without accompanying notice of filing, is not effective to limit time to appeal), *review denied* (Minn. Mar. 14, 1995).

In this case, respondent's cover letter is not captioned as a notice of filing and does not give the date of filing or provide any information about the order except to indicate that it relates to the named proceeding. Because the cover letter does not contain any indication of what has been filed or when, the purported notice did not limit the time to appeal even though it was accompanied by a copy of the order.

 Respondent also seeks to strike as untimely appellant's response to the motion to dismiss. We must reject respondent's argument on this issue. Responses to motions served by mail are due within eight days, and appellant's response to the motion to dismiss

is, in fact, untimely. However, moving parties must establish substantial prejudice to obtain an order striking an untimely response. *In re Welfare of D.B.,* 463 N.W.2d 301–02 (Minn.App.1990). Because respondent has demonstrated no prejudice from the delay, we deny the motion to strike.

**Motion to dismiss denied; motion to strike appellant's response denied.**