**STATE of Minnesota, Appellant,**

v.

**William Michael DUMAS, Respondent.**

No. C0–98–1152.

Court of Appeals of Minnesota.

Dec. 15, 1998.

Review Denied Feb. 24, 1999.

Hubert H. Humphrey III, Attorney General, St. Paul, and Francis J. Rondoni, Mark J. Schneider, Brian A. Lutes, Rondoni, MacMillan & Schneider, Ltd., Minneapolis, for appellant.

Joel Heiligman, Minneapolis, for respondent.

Considered and decided by WILLIS, P.J., and KALITOWSKI and AMUNDSON, JJ.

## OPINION

KALITOWSKI, Judge

Appellant State of Minnesota challenges the district court's dismissal of gross misdemeanor DWI and test refusal charges. Appellant asserts the district court erred in determining that Minn.Stat. § 169.121, subd. 3(c)(2), violates the Sixth Amendment right to counsel and the ex post facto clauses of the United States and Minnesota Constitutions.

## FACTS

The legislature, in 1997, enacted certain amendments to the DWI and implied consent statutes. *See* Minn.Stat. §§ 169.121, 169.123 (1997). These amendments, in certain situations, convert misdemeanor DWI and misdemeanor refusal-to-test offenses into gross misdemeanors. *See id.* At issue in this appeal is the enhancement of a current DWI offense that occurred within five years of an implied consent license revocation under Minn.Stat. § 169.123.

In November 1995, respondent William Michael Dumas had his license revoked under Minn.Stat. § 169.123. On January 7, 1998, respondent was charged with DWI and test refusal offenses in violation of Minn.Stat. § 169.121, subd. 3(c)(2). Because respondent's license had been revoked under Minn. Stat. § 169.123 within five years prior to these offenses, the DWI and test refusal offenses were enhanced from misdemeanors to gross misdemeanors.

The district court ruled that use of respondent's implied consent license revocation to enhance the DWI and test refusal charges to gross misdemeanors violates respondent's right to counsel, and that Minn.Stat. § 169.121, subd. 3(c)(2), when applied to an implied consent revocation that took place before the amendments to Minn.Stat.

§ 169.121 were enacted, is an unconstitutional ex post facto law.

## ISSUES

1. Does using an implied consent license revocation to enhance subsequent DWI-related charges from misdemeanors to gross misdemeanors violate respondent's constitutional right to counsel?

2. Does Minn.Stat. § 169.121, subd. 3(c)(2), violate the ex post facto clauses of the Minnesota and United States Constitutions by enhancing present DWI-related charges to gross misdemeanors based on an implied consent license revocation that took place before the enactment of the statute?

## ANALYSIS

■■■ The constitutionality of a statute is a question of law, and as such, appellate courts are not bound by the conclusions of the district courts. *In re Blilie*, 494 N.W.2d 877, 881 (Minn.1993), *aff'd*, 494 N.W.2d 877 (Minn.1993). Statutes are entitled to a presumption of constitutionality, and those challenging otherwise valid statutes must establish *beyond a reasonable doubt* that the statute violates a claimed right. *Id.* (emphasis added). In considering the constitutionality of a statute, "[e]very presumption is invoked in favor of the constitutionality of the statute." *Miller Brewing Co. v. State*, 284 N.W.2d 353, 356 (Minn.1979). Moreover, the, "power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989).

### I.

■■ In *Argersinger v. Hamlin*, the United States Supreme Court extended the Sixth Amendment right to counsel to any criminal case in which there is a possibility of incarceration. 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). After *Argersinger*, there must be a knowing and intelligent waiver of the right to counsel in any case in which a person may be imprisoned for an offense classified as "petty, misdemeanor, or felony, unless [that person] was

represented by counsel at his trial." *Id.* The court reasoned that

> [c]ounsel is needed so that the accused may know precisely what he is doing, *so that he is fully aware of the prospect of going to jail or prison*, and so that he is treated fairly by the prosecution.

*Id.* at 34, 92 S.Ct. at 2011 (emphasis added).

■ The right to counsel and the other procedural protections afforded criminal defendants are generally triggered by the threat of incarceration; for example, the right to a jury trial is not invoked unless the defendant may face more than six months in prison. *Frank v. United States*, 395 U.S. 147, 150, 89 S.Ct. 1503, 1506, 23 L.Ed.2d 162 (1969). Because the right to counsel may be invoked whenever the defendant faces the prospect of incarceration, we conclude that if the right to counsel is not violated, it is unlikely other procedural rights are violated either. Thus, we need not address other procedural rights raised by respondent, and alluded to but not relied on by the district court.

Minnesota courts have interpreted the Minnesota Constitution more broadly than the United States Constitution regarding the right to counsel. *State v. Nordstrom*, 331 N.W.2d 901, 904–05 (Minn.1983). In *State v. Borst*, the Minnesota Supreme Court extended the right to counsel in Minnesota beyond gross misdemeanors and felonies to any criminal matter in which the accused stood a substantial chance of facing incarceration. 278 Minn. 388, 397, 154 N.W.2d 888, 894 (1967). In so doing, the court reasoned that it is the consequences of conviction that are important, not the classification of the offense. *Id.* at 399, 154 N.W.2d at 895.

■ Because the right to counsel under the Minnesota Constitution is more expansive than the right to counsel under the United States Constitution, we need not address the United States Constitution at length. If the statute is constitutional under the Minnesota Constitution, it is unlikely to run afoul of the United States Constitution. Moreover, if the statute is unconstitutional under the Minnesota Constitution, it makes

no difference whether the statute is constitutional under the United States Constitution.

■ While Minnesota courts have not addressed the right to counsel in a case involving enhancement of a present crime because of the outcome of a prior *civil* proceeding, several Minnesota cases have addressed enhancement issues where both the prior and subsequent offenses were criminal in nature. In *Nordstrom,* the Minnesota Supreme Court held that a criminal conviction in which the defendant was not represented by counsel could not be used to enhance a subsequent DWI offense to a gross misdemeanor if the right to counsel was not properly waived. 331 N.W.2d at 905. The court was concerned "that an accused person may wind up in jail without the assistance of counsel to present what defense he may have * * *." *Id.* Respondent contends that *Nordstrom* controls the result here. We disagree.

Initially, we note that the continuing vitality of *Nordstrom* may be subject to question. The *Nordstrom* court relied in part on the reasoning of the United States Supreme Court in *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). *Baldasar,* however, has been overruled by *Nichols v. U.S.,* 511 U.S. 738, 748, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994). Because the Minnesota Supreme Court has not addressed *Nordstrom* since *Nichols* was decided, we assume for purposes of our analysis that *Nordstrom* continues to represent the law in Minnesota.

We must determine the reach of *Nordstrom.* In *Nordstrom,* the prior conviction the state wanted to use to enhance the defendant's subsequent offense into a misdemeanor was obtained in violation of the defendant's constitutional rights: the defendant was not represented by counsel and did not waive his right to counsel on the record when the prior *criminal* conviction was obtained. 331 N.W.2d at 903. Thus, the issue here is whether *Nordstrom* prohibits the use of any prior uncounselled finding to enhance a subsequent charge, or whether it prohibits the enhancement of a subsequent charge only when the prior finding was obtained in violation of a defendant's *constitutional* rights.

In this case, there is no allegation that respondent's past license revocation was *unconstitutionally* obtained. Thus, if *Nordstrom* prevents only the use of a prior unconstitutional proceeding to enhance subsequent charges, it would not prohibit enhancement here. However, if *Nordstrom* prohibits the use of *any* uncounselled finding to enhance a subsequent offense, Minn.Stat. § 169.121, subd. 3(c)(2), would be unconstitutional as applied to these facts.

We look first to the specific holding of the supreme court in *Nordstrom.* The *Nordstrom* court stated that once the issue is properly raised by the defendant, the state has the burden "to show that the contested evidence * * * was obtained *consistent with constitutional requirements.*" 331 N.W.2d at 905 (emphasis added). If the court was concerned with *any* uncounselled finding, it arguably would have used broader language reflecting this concern. Because the *Nordstrom* court did not use such language, we read *Nordstrom* as prohibiting the use of a prior *unconstitutionally* obtained conviction to enhance a subsequent charge.

This conclusion is consistent with cases from other jurisdictions that have determined that uncounselled civil findings may be used to enhance subsequent criminal charges. *See, e.g., United States v. Robles–Sandoval,* 637 F.2d 692 (9th Cir.1981), *cert. denied,* 451 U.S. 941, 101 S.Ct. 2025, 68 L.Ed.2d 330 (1981) (holding that where defendant received all the process that was *due* in the prior civil proceeding, that proceeding could be used to enhance a subsequent criminal charge); *Schindler v. Clerk of Circuit Court,* 715 F.2d 341 (7th Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1419, 79 L.Ed.2d 745 (1984) (allowing civil forfeiture after first DWI offense to enhance subsequent offenses, even though obtained without counsel and without valid waiver of counsel, because progressive statutory scheme was important to solving drunk driving problem); *State v. Novak,* 107 Wis.2d 31, 318 N.W.2d 364 (1982) (same).

Additional support for this reading of *Nordstrom* is found in *State v. Host,* 350 N.W.2d 479 (Minn.App.1984), where this court dealt with a similar issue. In *Host,*

past petty misdemeanor driving offenses were used to enhance a subsequent driving offense to a misdemeanor. *Id.* at 480. This enhancement allowed the trial court to sentence Host to 30 days in the county jail with 25 days suspended. *Id.* The *Host* court held that the record of the past offenses could be used to enhance the subsequent driving offense even though the guilty pleas for the past offenses were uncounselled and the right to counsel was not waived. *Id.* at 481–82. The court distinguished *Nordstrom* on the basis that petty misdemeanors are not crimes and that the defendants in such proceedings are not subject to incarceration. *Id.* at 481. Thus, *Host* appears to allow prior findings to enhance subsequent offenses where the prior findings were obtained without *constitutional* violations.

In the present case, as in *Host,* respondent was not subject to incarceration as a result of the implied consent proceeding. While respondent argues that the enhancement at issue here subjects him to incarceration, that was true in *Host* as well.

Further, the civil nature of the implied consent proceeding is similar to the noncriminal nature of the petty misdemeanor offenses in *Host,* notwithstanding the fact that implied consent proceedings are considered criminal for purposes of a right to counsel before submitting to chemical testing. *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 835 (Minn.1991). The issue in an implied consent proceeding is whether a defendant refused to submit to chemical testing, which is decided by a preponderance of the evidence standard. *Eckstein v. Commissioner of Pub. Safety,* 471 N.W.2d 114, 116 (Minn.App.1991), *review denied* (Minn. Aug. 1, 1991). If the court finds the defendant refused testing, the defendant's license is revoked. In no case does incarceration result from these proceedings. While the act of test refusal is itself a crime, it must be prosecuted in a *separate* action. Finally, the Minnesota Supreme Court has determined that, while revocation may appear punitive, implied consent license revocations are reme-

dial in nature. *State v. Hanson,* 543 N.W.2d 84, 89 (Minn.1996) ("Any punitive effect is merely incidental to the statute's overriding remedial purpose.").

Respondent makes no claim that he did not receive the assistance of counsel when, in 1995, he refused to consent to testing. We are required to invoke every presumption in favor of constitutionality. Because the earlier proceeding is civil in nature, we conclude the rationale of *Host* applies, and respondent was afforded all the process he was *due* in the implied consent proceeding.

Respondent also argues that this court's holding in *State v. Friedrich,* 436 N.W.2d 475 (Minn.App.1989), is controlling precedent. In *Friedrich,* the defendants[1] first pleaded guilty to DWI-related offenses in Wisconsin. 436 N.W.2d at 476. In Wisconsin, the first driving while intoxicated offense leads to only civil forfeiture of money, and there is no right to counsel in the proceedings. *See id.; see also Novak,* 107 Wis.2d 31, 41–42, 318 N.W.2d at 370. Both defendants were without counsel and did not waive their right to counsel on the record in the Wisconsin proceedings. *Friedrich,* 436 N.W.2d at 476. Both defendants were subsequently charged with DWI-related offenses in Minnesota. *Id.* The *Friedrich* court held that the prior convictions could not be used to enhance the subsequent Minnesota charges because the prior convictions were obtained without counsel and without valid waiver of counsel on the record. *Id.* at 478. The court reasoned that these convictions did not comport with Minnesota's procedural safeguards and thus, could not be used to enhance subsequent charges. *Id.* at 477.

As in *Nordstrom,* the *Friedrich* court did not address whether only those findings obtained in violation of a defendant's rights under the Minnesota Constitution were prohibited from enhancing subsequent charges. Moreover, while the Wisconsin adjudications appear to have been primarily civil in nature, the *Friedrich* court did not rely on the civil/criminal distinction in reaching its conclusion. Again, because we must presume a

1. *Friedrich* was consolidated with *State v. Duren,* 436 N.W.2d 475 (1989). The facts were similar in the two cases.

challenged statute is constitutional, the holding in *Friedrich* does not require that we strike down the statute at issue.

In conclusion, we are not convinced that Minn.Stat. § 169.121, subd. 3(c)(2), is unconstitutional. There is no allegation that the civil license forfeiture used to enhance respondent's charge in this case was obtained in violation of respondent's constitutional rights. Moreover, we cannot conclude from the language used that the holding in *Nordstrom* was intended to apply to *all* situations in which the past finding was uncounselled We therefore conclude respondent has failed to demonstrate that Minn.Stat. § 169.121, subd. 3(c)(2), is unconstitutional beyond a reasonable doubt.

## II.

■ Both the United States and Minnesota Constitutions prohibit the enactment of ex post facto laws. U.S. Const. art. I, § 10; Minn. Const. art. I, § 11. An ex post facto law applies to events occurring before its enactment, and disadvantages the offender affected by it. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). To be ex post facto, a statute must:

1) punish as a crime an act which was innocent when committed; 2) increase the burden of punishment for a crime after its commission; or 3) deprive one charged with a crime of a defense that was available when it was committed.

*State v. Manning*, 532 N.W.2d 244, 247 (Minn.App.1995), *review denied* (Minn. July 20, 1995) (citing *Collins v. Youngblood*, 497 U.S. 37, 52, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30 (1990)).

The district court concluded that Minn. Stat. § 169.121, subd. 3(c)(2), is unconstitutional as an ex post facto law under both prong (1) and prong (2). The parties agree that prong (3) is not relevant here.

■ In order to determine that a statute violates either prong (1), or prong (2), the court must find that the statute punishes, or increases the punishment for, the original act. Thus, here we must determine whether Minn.Stat. § 169.121, subd. 3(c)(2), punishes, or increases the punishment for, respon-

dent's 1995 implied consent driver's license revocation. We conclude that it does not.

■ Under the United States Constitution, a statute that provides for enhanced penalties for a repeat offender does not punish the old offense; rather it stiffens the penalty for the latest crime. *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948); *see also Nichols*, 511 U.S. at 747, 114 S.Ct. at 1927 (enhancement statutes do not change the penalty for earlier convictions). Minnesota courts have reached a similar conclusion. *See State v. Findling*, 123 Minn. 413, 415, 144 N.W. 142, 143 (1913) (finding that the increased punishment for the subsequent offense is not a punishment of the person for the first offense a second time, but a severer punishment for the second offense); *State v. Willis*, 332 N.W.2d 180, 185 (Minn.1983) (holding that 1982 amendment to DWI law, which allowed past criminal convictions to enhance present crimes, did not punish the past crime, but "increased the possible penalty for the latest crime * * *.").

The only basis for distinguishing the holdings of *Gryger, Findling,* and *Willis* from the present case involves the ostensibly civil nature of the license forfeiture. While Minnesota has yet to rule on whether *Findling* and *Willis* apply where the original offense was civil rather than criminal, at least one jurisdiction has ruled that the same reasoning applies. *See Commonwealth v. Murphy*, 389 Mass. 316, 451 N.E.2d 95, 99 (Mass.1983) (holding that use of a civil finding of guilt obtained before enactment of an enhancement law to enhance a subsequent offense did not violate ex post facto laws because the court saw "no distinction of constitutional dimension between a conviction and a previous assignment to an alcohol education program").

Because Minnesota has previously held that enhancement statutes do not punish the former act, and because at least one other jurisdiction has found that prior civil findings could form the basis for a subsequent criminal enhancement, we conclude respondent has failed to prove beyond a reasonable doubt that Minn.Stat. § 169.121, subd.

3(c)(2), is an unconstitutional ex post facto law.

## DECISION

Statutes are entitled to a presumption of constitutionality. We conclude respondent has failed to establish beyond a reasonable doubt that Minn.Stat. § 169.121, subd. 3(c)(2), which enhances a DWI-related charge from a misdemeanor to a gross misdemeanor based on a prior implied consent license revocation, violates his constitutional right to counsel or the ex post facto clauses of the Minnesota or United States Constitutions.

**Reversed.**