STATE of Minnesota, Respondent,

v.

**Paulla Ann McLELLAN, Appellant.**

No. C4–02–723.

Court of Appeals of Minnesota.

Jan. 17, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and Thomas N. Kelly, Wright County Attorney, Brian A. Lutes, Assistant Wright County Attorney, Buffalo, MN, for respondent.

Jerry Strauss, Benjamin J. Colburn, Strauss Associates, Minneapolis, MN, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, HALBROOKS, Judge, and HUDSON, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant Paulla Ann McLellan's was convicted of four gross misdemeanor counts of driving while under the influence. The misdemeanor offenses were enhanced to gross misdemeanors pursuant to Minn. Stat. § 169A.03 (2000) because of the revocation of McLellan's Minnesota driver's license following her 1995 Wisconsin DWI conviction. McLellan appeals.

## FACTS

McLellan was convicted of DWI in Wisconsin in 1995. McLellan pleaded guilty without appearance and without advice of counsel, as is allowed in Wisconsin. McLellan's affidavit states that she was informed the offense "would be considered a civil fine and [the court] applied my bail money to the fine." On January 4, 2002, McLellan was arrested in Wright County, Minnesota for DWI. McLellan was charged with two counts of second-degree DWI and two counts of third-degree DWI, all gross misdemeanors. The parties agreed to submit the matter to the district court on stipulated facts, pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980). The court found McLellan guilty on all counts and sentenced McLellan on one of the second-degree counts. The remaining counts were dismissed.

The state argued that the charges against McLellan could be enhanced to gross misdemeanors under Minn.Stat. § 169A.03, subd. 3(1) (2000), which provides that an "aggravating factor" includes "a qualified prior impaired driving incident within the ten years immediately preceding the current offense." A "qualified prior impaired driving incident" includes a "prior impaired driving-related loss of license," which is defined to include a driver's license revocation. Minn.Stat. § 169A.03, subds. 21, 22. McLellan argued that the enhancement was, in effect, using the Wisconsin conviction to enhance the offense in violation of Minnesota case law prohibiting such action as a violation of due process. The district court concluded that the charges against McLellan could be enhanced to gross misdemeanors because her Minnesota driver's license had been revoked based on the Wisconsin conviction.

## ISSUE

Does the enhancement of McLellan's DWI offense based on the prior revocation of her Minnesota driver's license following an uncounseled Wisconsin guilty plea to DWI violate McLellan's constitutional right to due process?

## ANALYSIS

"Evaluating a statute's constitutionality is a question of law." *Hamilton v. Commissioner of Pub. Safety*, 600 N.W.2d 720, 722 (Minn.1999). Statutes are presumed constitutional, and the appellate courts' power to declare a statute unconstitutional is to be utilized with extreme caution and only when necessary. *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). The party claiming a statute to be unconstitutional has the burden of

proving beyond a reasonable doubt that the statute at issue violates the constitution. *Id.* McLellan does not assert that Minn.Stat. § 169A.03 is unconstitutional on its face, but that the application of the statute to her case creates an unconstitutional result.

 Minnesota case law holds that an uncounseled guilty plea for DWI cannot be used to enhance a subsequent DWI offense from a misdemeanor to a gross misdemeanor. *State v. Nordstrom,* 331 N.W.2d 901, 905 (Minn.1983); *see State v. Friedrich,* 436 N.W.2d 475, 478 (Minn.App.1989) (applying *Nordstrom* to uncounseled Wisconsin guilty plea). The state agrees but argues that this is not what occurred in McLellan's case.

McLellan argues the district court has effectively violated the *Nordstrom/Friedrich* prohibition because the driver's license revocation was due to the Wisconsin conviction, and McLellan's Wisconsin conviction would not pass constitutional muster under Minnesota law. We disagree. Minn.Stat. § 169A.03, subd. 21(1) (2000), designates the revocation of a Minnesota driver's license as a "prior impaired driving-related loss of license." Standing unchallenged, this is a valid ground for enhancement.

The Commissioner of Public Safety is directed by statute to revoke a person's Minnesota driver's license following conviction for DWI in another state. *See* Minn.Stat. § 171.17 subd. 1(9) (2002). McLellan's Minnesota driver's license was revoked in 1995 following the Wisconsin conviction. McLellan did not petition for judicial review under the statute, and the revocation of her driver's license therefore went unchallenged. *See* Minn.Stat. § 169A.53 (providing for judicial review of driver's license revocation upon petition). The district court found that the charges against McLellan were enhanced because of the prior license revocation, not the Wisconsin conviction, and therefore the *Nordstrom/Friedrich* prohibition was not violated. We agree.

Accordingly, we conclude the revocation was valid, and the enhancement of the offense under the statute based on the revocation was proper. *See State v. Dumas,* 587 N.W.2d 299, 302 (Minn.App.1998) (holding that enhancement on basis of revocation because of uncounseled finding of violation of implied consent law does not violate due process), *review denied* (Minn. Feb. 24, 1999).

## DECISION

McLellan has not demonstrated, beyond a reasonable doubt, that Minn.Stat. § 169A.03 subd. 3(1) is unconstitutional as applied to her.

**Affirmed.**