Thomas Richard THOLE, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. A12–1549.

Court of Appeals of Minnesota.

April 29, 2013.

Review Denied July 16, 2013.

Jeffrey S. Sheridan, Strandemo, Sheridan & Dulas, P.A., Eagan, MN, for appellant.

Lori Swanson, Attorney General, Joan M. Eichhorst, Jeffrey S. Bilcik, Assistant Attorneys General, St. Paul, MN, for respondent.

Considered and decided by STAUBER, Presiding Judge; CONNOLLY, Judge; and BJORKMAN, Judge.

## OPINION

STAUBER, Judge.

Appellant challenges the revocation of his driver's license, arguing that the absence of court-appointed legal counsel in his implied-consent matter violated his due-process rights. Appellant also contends that because the notice and order of revocation failed to offer court-appointed legal counsel, the statutory deadline in which to file a petition for judicial review never commenced, making appellant's late petition timely. Because indigent parties in implied-consent proceedings have no right to court-appointed legal counsel, the notice and order of revocation was proper and appellant's petition for judicial review was untimely. We affirm.

## FACTS

On or about December 23, 2011, appellant Thomas Thole was arrested for driving while impaired ("DWI"). After hearing the implied consent advisory, Thole submitted to a urine test, which indicated an alcohol concentration of 0.16. On February 2, 2012, the Minnesota Department of Public Safety, Driver and Vehicle Ser-

vices (DVS), mailed Thole a notice and order of revocation notifying him that his driving privileges would be revoked due to his driving with an alcohol concentration of 0.16.

Thirty-five days later, on March 8, 2012, Thole served and filed a petition for judicial review of the order. Thole contends that he was indigent at the time he received the notice and order and that his first opportunity to retain legal counsel was on March 8, the day he filed the petition. The commissioner moved to dismiss Thole's petition for lack of jurisdiction because the petition was untimely served and filed. Thole argued that his due-process rights were violated when he was not provided court-appointed legal counsel or information on court-appointed legal counsel in the notice and order, and that the statute of limitations on Thole's petition for judicial review was suspended as a result. The district court dismissed the matter, sustaining the revocation.

On appeal, Thole contends that his due-process rights were violated when he was not provided access to court-appointed legal counsel in his implied-consent matter. He further contends that the commissioner's failure to provide him information on legal counsel in the notice and order of revocation suspended the statute of limitations, making his petition timely.

## ISSUES

1. Did the district court properly conclude that it lacked jurisdiction to review Thole's petition for judicial review because it was untimely?

2. Does due process require that courts appoint legal counsel to indigent drivers in implied-consent matters?

3. Must the commissioner give drivers information on court-appointed legal counsel in the notice and order of revocation?

4. Did the commissioner's failure to advise Thole of his right to court-appointed legal counsel in the notice and order of revocation suspend the statute of limitations on petitioning for judicial review?

## ANALYSIS

*Standards of Review*

 "Jurisdiction is a question of law that we review de novo." *Underdahl v. Comm'r of Pub. Safety,* 735 N.W.2d 706, 710 (Minn.2007) (quotation omitted). We review the district court's conclusions of law de novo. *In re Estate of Barg,* 752 N.W.2d 52, 63 (Minn.2008). We review due-process challenges de novo. *Zellman ex rel. M.Z. v. Indep. Sch. Dist. No. 2758,* 594 N.W.2d 216, 220 (Minn.App.1999), *review denied* (Minn. July 28, 1999). "Interpretation of a statute presents a question of law, which we review de novo." *Swenson v. Nickaboine,* 793 N.W.2d 738, 741 (Minn.2011).

## I.

 A driver may petition for judicial review of the revocation of his driver's license within 30 days after receipt of a notice and order of revocation. Minn.Stat. § 169A.53, subd. 2(a) (2012). Service by mail of a notice and order of revocation is deemed effective three days after the notice and order is mailed to the driver's last known address. Minn.Stat. § 169A.52, subd. 6 (2012). A failure to file a petition for judicial review within the 30–day statutory period deprives the district court of jurisdiction to hear the petition. *Qualley v. Comm'r of Pub. Safety,* 349 N.W.2d 305, 308 (Minn.App.1984). "[A]s a matter of public policy D.W.I. laws, including the implied consent statute, are ... strictly applied." *Id.* at 306. In fact, "the 30–day limitations period will be strictly construed even if a delay in filing is not the driver's

fault." *McShane v. Comm'r of Pub. Safety*, 377 N.W.2d 479, 482 (Minn.App.1985), *review denied* (Minn. Jan. 23, 1986).

On February 2, 2012, the DVS notified Thole by mail that his driver's license would be revoked. Thole does not dispute that service of the notice and order was effective on February 5, 2012. A petition for judicial review of the revocation of a driver's license must be served and filed within 30 days of receipt of the notice and order of revocation. Minn.Stat. § 169A.53, subd. 2(a). Thole filed his petition on March 8, 2012, outside the timeframe allowed under the statute.

█ Thole asks this court to extend the 30-day statutory timeline. However, "[a]ppeal periods in statutory proceedings are peculiarly within the legislative domain, and the courts and administrative agencies have no power to extend or modify the periods of limitation prescribed by statute." *Langer v. Comm'r of Revenue*, 773 N.W.2d 77, 81 (Minn.2009) (citing *Johnson v. Winthrop Labs. Div. of Sterling Drug, Inc.*, 291 Minn. 145, 151, 190 N.W.2d 77, 81 (1971)). Thole failed to serve and file his petition within the statutorily prescribed time. The district court therefore properly dismissed his petition for lack of jurisdiction.

## II.

█ Thole argues that indigent parties in implied-consent cases should be granted court-appointed legal counsel just like indigent defendants in criminal cases. "Both the United States and the Minnesota Constitutions guarantee that 'in all criminal prosecutions the accused shall enjoy the right to ... have the assistance of counsel in his defense.'" *Cox v. Slama*, 355 N.W.2d 401, 402 (Minn.1984) (quoting U.S. Const. amend. VI; Minn. Const. art. I, § 6). "Additionally, both guarantee a right to counsel in cases where lack of counsel

could well result in a deprivation of 'life, liberty, or property without due process of law.'" *Id.* (quoting U.S. Const., amends. V & XIV; Minn. Const. art. I, § 7). Thole argues that he may one day risk loss of liberty if he is again charged with DWI because his implied-consent adjudication may be used to enhance that sentence.

█ Implied-consent cases are civil proceedings. *State v. Dumas*, 587 N.W.2d 299, 303 (Minn.App.1998), *review denied* (Minn. Feb. 24, 1999). "The issue in an implied consent proceeding is ... decided by a preponderance of the evidence standard." *Id.* "In no case does incarceration result from these proceedings." *Id.* Uncounseled civil license revocations may be used to enhance subsequent DWI charges without violating the constitutional right to counsel. *See id.* at 304. Consequently, Thole's argument regarding his potential loss of liberty has no merit.

Thole points out that there is a right to court-appointed legal counsel in some civil proceedings, such as paternity actions and civil contempt cases. *See Hepfel v. Bashaw*, 279 N.W.2d 342, 348 (Minn.1979) (paternity actions); *see also Cox*, 355 N.W.2d at 402 (civil contempt). In *Hepfel*, the supreme court exercised its supervisory powers to grant indigent parties access to court-appointed legal counsel in civil paternity suits. *Hepfel* holds the following:

We therefore hold, *pursuant to our supervisory power* to ensure the fair administration of justice, that in paternity adjudications counsel must be provided indigent defendants where the complainant is represented by the county attorney. We hold that counsel is required, *not because we are constitutionally compelled to do so*, but because, given the present adversary nature of paternity adjudications, there is no better method available to us to protect the

important interests involved. It must be noted that the issue before us was narrowly limited to the right to counsel in paternity actions, which are, by their very nature, sui generis. *Thus, our holding in no way affects the right of indigent defendants in other civil actions to court-appointed counsel.* *Id.* (emphasis added). The court explicitly did not rely on equal-protection or due-process arguments, which it deemed of "dubious contention." *Id.*, at 344. *Hepfel* strictly limits the right to counsel to paternity actions. *Id.* It does not authorize the expansion of such a right to other civil proceedings. *See id.*

▮ Thole asks this court to anticipate that the supreme court will apply its supervisory powers in the present matter, like in *Hepfel.* Supervisory authority is vested solely in the Minnesota Supreme Court. *State v. Gilmartin*, 535 N.W.2d 650, 653 (Minn.App.1995) ("As an intermediate appellate court, we decline to exercise supervisory powers reserved to this state's supreme court."), *review denied* (Minn. Sept. 20, 1995). Any argument that this court should rule in an anticipatory manner must fail.

Thole also cites *Cox* as support for his position. There, the supreme court held that, based upon its supervisory powers and its reasoning in *Hepfel,* indigent defendants in civil contempt proceedings alleging failure to pay child support must be given access to court-appointed legal counsel. *Cox*, 355 N.W.2d at 403–04. However, these defendants must have reached "a point in the proceedings ... that incarceration is a real possibility" in order to qualify for such counsel. *Id.* An implied-consent party does not reach that point. *See Dumas*, 587 N.W.2d at 303 (holding that "[i]n no case does incarceration result from [implied-consent] proceedings"). We recognize that implied-consent dispositions can have significant long-term ramifications for those whose licenses are revoked. But the law currently provides no right to court-appointed legal counsel for indigent parties in implied-consent proceedings, and our court is not the venue to extend that law.

Thole asserts a due-process right to court-appointed legal counsel because of the threat to his liberty and an at least indirect financial interest in the loss of his driver's license. But, as noted above, there is no threat to Thole's liberty in a civil implied-consent proceeding. Thole contends that *Hepfel* and *Cox* justify the expansion of the right to court-appointed legal counsel to other civil matters if an indigent defendant can show that the appointment of legal counsel is necessary to avoid injustice in the form of (1) a direct financial interest and (2) at least an indirect threat to loss of liberty. *Hepfel* does not stand for this proposition. *Hepfel* specifically limits its holding to indigent defendants *in paternity actions* and unequivocally states that its holding is not meant to apply to other civil proceedings. *See* 279 N.W.2d at 348. The expansion of *Hepfel*'s holding to the implied-consent context is best suited for our supreme court or the legislature.

▮ The commissioner contends that Thole lacks standing to bring his due-process claims. In order to establish that Thole has standing to bring a claim of a due-process violation, he must show a direct and personal harm resulting from the alleged denial of his constitutional rights. *Riehm v. Comm'r of Pub. Safety*, 745 N.W.2d 869, 873 (Minn.App.2008), *review denied* (Minn. May 20, 2008). "Appellant must show that his claimed harm is personal, actual, or imminent; traceable to respondent's challenged actions; and likely to be remedied by this court." *Id.* Thole cannot make the requisite showing. He

has failed to establish that he has suffered any current or imminent direct and personal harm. The only harm he alleges is a potential enhanced sentence for any DWI convictions he may sustain in the future, which is too speculative. In sum, indigent parties have no right to court-appointed legal counsel in implied-consent proceedings.

### III.

Thole argues that the commissioner violated his due-process rights by failing to notify him how to obtain court-appointed legal counsel in the notice and order of revocation. The implied-consent laws outline what information the commissioner must provide drivers in a notice and order for revocation. *See* Minn.Stat. § 169A.52, subd. 6. "The notice must advise the person of the right to obtain administrative and judicial review." *Id.; see* Minn. R. 7503.0900, subp. 4 (providing content of notice when served by DVS). Minnesota statutes and rules do not require a statement regarding court-appointed legal counsel in a notice and order of revocation. Parties in implied-consent proceedings have no right to court-appointed legal counsel, so inclusion of this statement in the notice and order would be erroneous.

### IV.

Thole argues that because the notice and order of revocation failed to inform him how to access court-appointed legal counsel, the statute of limitations within which he was required to serve and file a petition for judicial review never commenced. Because he has no right to court-appointed legal counsel, his argument fails. The appellant in *Garcia v. Comm'r of Pub. Safety*, 572 N.W.2d 311, 313 (Minn.App. 1997), made a similar argument. In *Garcia*, the commissioner's notice and order of revocation lacked the minimum elements for a notice of filing, such as a caption stating that the letter constituted a notice of filing and the date of filing. *Id.* We held that "the purpose of the notice of filing [is] to definitely and unambiguously notify the opposing party of the commencement of the appeal period." *Id.* The notice of filing in *Garcia* failed to fulfill that purpose.

Thole makes no argument that the notice and order failed to notify him that the appeal period had commenced, or was insufficient in any other way, other than that it failed to include Thole's suggested—but inaccurate—statement of law on the right to legal counsel. The notice and order complied with the requirements of section 169A.52, subdivision 6. The deadline to serve and file a petition for judicial review expired 30 days after service of the notice and order. Thole served and filed his petition 32 days after service of the notice and order of revocation was ·deemed effective. His petition was untimely, and the district court properly dismissed it.

### DECISION

Because indigent parties have no right to court-appointed legal counsel in implied-consent proceedings, Thole suffered no due-process violation when he was not provided court-appointed legal counsel. Further, the commissioner's notice and order of revocation was sufficient, and the district court properly dismissed Thole's untimely petition for judicial review for lack of jurisdiction.

**Affirmed.**