**Bradley Martin ANDERSON, petitioner, Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY AND DEPARTMENT OF TRANSPORTATION, Appellant.**

**No. 51316.**

Supreme Court of Minnesota.

May 22, 1981.

Warren Spannaus, Atty. Gen. and Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Gray, Gill & Brinkman and Earl P. Gray, St. Paul, for respondent.

OTIS, Justice.

This is an appeal by the State, Department of Public Safety, from an order of the district court declaring invalid and improper the commissioner's revocation of the driver's license of a Minnesota resident based on Minn.Stat. § 171.17(7) (1980). That statute provides that the commissioner

shall revoke the license of any driver upon receiving a record of the driver's conviction of "an offense in another state which, if committed in this state, would be grounds for the revocation of the driver's license." The commissioner relied on a Colorado conviction for "driving while ability impaired". The issue is whether that conviction was for an offense "which, if committed in this state, would be grounds for the revocation of the driver's license." We reverse.

Our decision hinges on an analysis of the phrase "under the influence of alcohol," as used in Minn.Stat. § 169.121, subd. 1(a) (1978), and a determination of what conduct is covered by the Colorado offense to which defendant pled guilty.

■ Our cases have not focused on what is meant by the phrase "under the influence of alcohol." However, courts in other states having statutes of similar phraseology and purpose have generally interpreted the phrase to cover driving by a person who has drunk enough liquor so that his capacity to drive is impaired in some way. Annot., 142 A.L.R. 555 (1943), and supplements thereto. This is also the interpretation which many judges in Minnesota have relied upon in their instructions. *See, for example,* H. Wolner, Judicial Manual on Misdemeanors V.03A (1974). Without intending to fully define what conduct is covered by the phrase "driving while under the influence of alcohol," we merely conclude that it was meant to include the act of driving a motor vehicle while ability or *capacity to drive is impaired* by alcohol.

Our understanding of Colorado law is based on *Thompson v. People,* 181 Colo. 194, 510 P.2d 311 (1973). According to that opinion, the law before 1969 was that one who drove a motor vehicle with ability impaired by liquor was guilty of driving while under the influence. In 1969 the Colorado legislature established two levels of driving under the influence. It accomplished this by (a) redefining driving while under the influence to cover only driving while "substantially under the influence," that is, driving when "incapable" of doing so safely, and (b) creating a new offense called "driv-

ing while ability impaired," an offense which covers those less serious forms of driving while under the influence.

■ When taking into consideration the differing evidentiary standards relating to the admissibility of blood alcohol test results—compare Colo.Rev.Stat. § 42–4–1202(2) (1973) with Minn.Stat. § 169.121, subd. 2 (1978)—it undoubtedly requires less proof for a prosecutor in Colorado to prove that a person's capacity to drive is impaired than it does for a prosecutor in Minnesota to make the same showing. However, the elements of the Colorado offense of driving while ability impaired are the same elements which, if proven in Minnesota, would justify a conviction for the offense of driving while under the influence. The record does not show whether the driver submitted to a blood alcohol test or, if he did, what the results of that test were. However, defendant did plead guilty to the offense, and we conclude that the district court erred in determining that the revocation was invalid.

Reversed.