**Larry Leroy BYRD, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C4-84-253.**

Court of Appeals of Minnesota.

May 29, 1984.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Kevin W. Eide, Eagan, for respondent.

Considered and decided by POPOVICH, C.J., presiding, and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Respondent petitioned for reinstatement of his driving privileges after the Commissioner of Public Safety revoked his license for at least two years, required proof of rehabilitation, including at least two years of abstinence for reinstatement, and denied a limited license for work. Respondent sought an order of the county court to issue a limited license. The county court declined, noting respondent's "extensive driving record involving the use of alcohol." The district court found that respondent should not have been required to file evidence of rehabilitation after his second Minnesota conviction, that the North Carolina D.W.I. convictions should not have been considered, and that denial of a limited license was arbitrary and capricious. The Commissioner of Public Safety appealed. We reverse.

## FACTS

Respondent has at least seven convictions for driving while under the influence:

August 25, 1972: D.W.I. Minnesota

June 6, 1976: D.W.I. North Carolina

September 11, 1976: D.W.I. North Carolina

October 26, 1976: D.W.I. North Carolina

January 8, 1977: D.W.I. North Carolina

January 20, 1979: D.W.I. Minnesota

September 10, 1983: D.W.I. Minnesota

North Carolina has permanently revoked respondent's driving privileges. Respondent sought treatment for his abuse of alcohol in January, 1979, and again in September, 1983.

In January, 1980, after respondent's second Minnesota D.W.I., the Commissioner imposed sanctions authorized for a "third or subsequent offense." Minn.Rules, part 7412.0400, subpart 1, item C. In December, 1983, after Byrd's third Minnesota D.W.I. conviction, he was penalized for a "fourth or subsequent offense on the record." In each instance, the North Carolina D.W.I. convictions were included by the Commissioner in computing respondent's record. The Commissioner also referred to the North Carolina convictions in denying the limited license sought by Byrd. Byrd is employed as a serviceman for an electrical contractor and his job requires him to drive from one repair job to another.

## ISSUES

1. Whether out-of-state D.W.I. convictions may be considered when reviewing the license of a Minnesota driver after three Minnesota D.W.I. convictions.

2. Whether refusal of a limited license after three Minnesota and four North Carolina D.W.I. convictions was arbitrary and capricious.

## ANALYSIS

1. The Legislature has ordered the Commissioner of Public Safety to maintain a record of each licensee, showing the convictions of that licensee. Minn.Stat. § 171.12(2) (Supp.1983). Under the statute, such record of convictions is considered by the Commissioner in connection with revocation or limitation of licenses. Were we to rule that the Commissioner may not consider foreign convictions, we would render the statutory obligation to maintain a record of such convictions meaningless.

The Commissioner must revoke the Minnesota license of any driver convicted in another state for an offense which would require revocation if the offense were committed here. Minn.Stat. § 171.17(7) (Supp. 1983). There is no question that D.W.I.

convictions in North Carolina would require revocation of Minnesota driving privileges. *See, Anderson v. State*, 305 N.W.2d 786 (Minn.1981). What distinguishes this case from *Anderson* is that the Commissioner did not directly revoke Byrd's Minnesota license on the basis of the North Carolina convictions. Instead, the Commissioner considered those convictions in the computation of Byrd's record.

Minn.Stat. § 169.121(4) provides for driver's license penalties as follows:

> Subd. 4. Penalties A person convicted of violating this section shall have his driver's license or operating privileges revoked by the commissioner of public safety as follows:
>
> .        .        .        .        .
>
> (d) Fourth or subsequent offense on the record: not less than two years, together with denial under section 171.04, clause (8), until rehabilitation is established in accordance with standards established by the commissioner.

When the commissioner invoked the driving penalties under Minn.Stat. § 169.121(4), it was inevitable that those penalties were made more severe by inclusion of the North Carolina D.W.I. convictions. Use of a D.W.I. conviction from another state to aggravate penalties imposed on a driver for a Minnesota D.W.I. has been upheld by the Minnesota Supreme Court. *State v. Barutt*, 312 N.W.2d 667 (Minn.1981). The court in *Barutt* stated:

> We believe that the mere fact that the prior revocation was for a DWI offense occurring in another state should not serve to exculpate defendant. The statute does not make any exception for prior revocations based on DWI convictions occurring in other states, and we fail to see any good reason for doing so.

*Id.* at 668. The rationale in *Barutt* should apply in regard to driver's license privileges also.

In reaching this conclusion, we are troubled by the words "... convicted of violating this section ..." appearing in Minn. Stat. § 169.121(4). However, the language of Minn.Stat. § 171.17(7) requires that the commissioner revoke the license of a licensee who has been convicted of an offense in another state which, if committed in this state, would be grounds for the revocation of the driver's license. In examining both of these statutes, we are compelled to conclude that the legislature intended that a licensee's entire record be considered under Minn.Stat. § 169.121(4)(d) without regard to the state in which that record was compiled.

■ 2. Respondent was denied limited driving privileges under Minn.Stat. § 171.-04(8) (Supp.1983). In concluding that the North Carolina convictions were improperly considered by the Commissioner, the District Court also found that Byrd's driving privileges should not have been conditioned on continuing abstinence. The District Court concluded that the commissioner's refusal to issue a limited license was arbitrary and capricious. However, our determination today that the North Carolina convictions were properly considered leads to the conclusion that such refusal was neither arbitrary nor capricious. Byrd had received seven D.W.I. convictions in eleven years. Despite treatment and at least six months of abstinence, he was again driving under the influence in September, 1983.

This court is not unsympathetic to the possible employment problems Byrd may face as a result of his lack of a valid license. However, the Commissioner's refusal to issue that limited license under the circumstances of this case and under the relevant Department of Public Safety regulations was not an abuse of discretion. *Pruszinske v. State, Com'r of Hwys.*, 330 N.W.2d 887 (Minn.1983).

## DECISION

The Commissioner properly considered Byrd's four North Carolina D.W.I. convictions when imposing administrative sanctions for Byrd's third Minnesota D.W.I. The denial of a limited license was not arbitrary and capricious.

Reversed.