**STATE of Minnesota, Appellant,**

v.

**David Alan GEYER, Respondent,**

**No. C7–84–327.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty. John D. Ellenbecker, Asst. County Atty., St. Cloud, for appellant.

Lola J. Fahler, St. Cloud, for respondent.

Heard, considered, and decided by SEDGWICK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal, pursuant to Minn.R.Crim.P. 29.03, subd. 1, is from an order of Stearns County District Court dismissing prosecution of defendant for aggravated DWI pursuant to Minn.Stat. § 169.121, subd. 3(a) (Supp.1983). We reverse.

## FACTS

Defendant David Geyer was convicted in Ohio of driving while under the influence of alcohol. Nearly two years later he was arrested in Minnesota for driving while under the influence. His breath test shows a blood-alcohol concentration of .16.

During an omnibus hearing defendant's counsel moved to suppress evidence of defendant's prior Ohio DWI conviction and to dismiss the complaint.

The court granted these motions on its belief that the state cannot prosecute defendant for an aggravated DWI based on his previous out-of-state DWI conviction. The State appeals.

## ISSUE

May an out-of-state DWI conviction be considered in prosecuting defendant for aggravated DWI in this state?

## ANALYSIS

Minn.Stat. § 169.121, subd. 3(a) (Supp. 1983), makes it a gross misdemeanor for "a person who violates this section, or an ordinance in conformity with it within five years of a prior conviction under this section, section 169.129, or an ordinance or statute from another state in conformity with it."

Respondent claims that his Ohio DWI conviction cannot be used to enhance the penalty of his subsequent Minnesota DWI conviction because the Minnesota and Ohio implied consent statutes are not in conformity.

Minnesota's implied consent statute requires that a person be advised that he may consult with an attorney before taking a breath, blood or urine test. Ohio's implied consent statute has no such requirement.

Apart from this difference, the two statutes prohibit identical behavior. It is the prohibited behavior which must be in conformity, not the evidentiary standards by which that act is proven. *Anderson v. State*, 305 N.W.2d 786 (Minn.1981).

In *Anderson* the court compared the Minnesota and Colorado DWI statutes and decided that even though the proof requirements are different, the elements of the offense are the same, and if proven, would justify a conviction for DWI in Minnesota. Therefore, the court held the Commissioner of Public Safety was justified in revoking the person's license pursuant to Minn.Stat. § 171.17(7).

In *State v. Barutt*, 312 N.W.2d 667 (Minn.1981), the court held a prior license revocation for DWI occurring in another state may be considered in deciding to prosecute defendant for aggravated DWI upon a subsequent DWI. The court said:

> We believe that the mere fact that the prior revocation was for a DWI offense occurring in another state should not serve to exculpate defendant. The statute does not make any exception for prior revocations based on DWI convictions occurring in other states, and we fail to see any good reason for doing so.

Id. at 668.

This court approvingly cited *Anderson* and *Barutt* in *Byrd v. Commissioner of Public Safety*, 348 N.W.2d 402 (Minn.Ct. App.1984), where we said "we are compelled to conclude that the legislature intended that a licensee's entire record be considered under Minn.Stat. 169.121, Subd. 4(d), without regard to the state in which that record was compiled." *Id.* at 404.

Here, the trial court erred in not applying the holdings of *Anderson, Barutt,* and *Byrd.*

## DECISION

We reverse and remand for trial.