**STATE of Minnesota, Respondent,**

v.

**Darryl Lewis BERGH, Appellant.**

**No. A03–1577.**

Court of Appeals of Minnesota.

May 18, 2004.

Mike Hatch, Attorney General, St. Paul, MN; and Doug Johnson, Washington County Attorney, Heather D. Pipenhagen, Assistant Washington County Attorney, Stillwater, MN, for respondent.

Charles A. Ramsay, Ramsay, DeVore & Olson, P.A., Roseville, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; SHUMAKER, Judge; and CRIPPEN, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant challenges the district court's refusal to prohibit the use of a prior Colorado driving while intoxicated (DWI)-related driver's license revocation to enhance Minnesota impaired driving offenses. Because the prior revocation arises from a violation of appellant's Minnesota constitutional rights, the prior revocation cannot be used to enhance Minnesota offenses, and we reverse.

## FACTS

The Minnesota Impaired Driving Code presents a scheme of penalties and enhanced penalties for driving, operating, or being in physical control of a motor vehicle while impaired from alcohol or other specified chemical substances. Minn.Stat. § 169A (2002). Certain qualified prior impaired driving incidents can be considered aggravating factors that permit enhancement of an impaired driving penalty. *See* Minn.Stat. § 169A.03, subd. 3(1) ("a qualified prior impaired driving incident within the ten years immediately preceding the current offense is an aggravating factor.").

The state charged appellant Darryl Bergh with two counts of first-degree driving while impaired, both enhanced-penalty offenses, and one count of driving after revocation of his driver's license. The state alleged that Bergh had three qualified prior impaired driving offenses that permitted enhancement of two of the current charges. *See* Minn.Stat. § 169A.24, subd. 1(1) (stating a person who has an impaired driving offense within ten years of three or more impaired driving incidents commits first-degree impaired driving).

Bergh had been convicted of DWI in Minnesota on June 22, 1994, and June 28, 2001. His driver's license was revoked for both offenses. Bergh does not challenge the use of these convictions as aggravating factors. He challenges the use of his DWI conviction and license revocation in Colorado on August 22, 1995, as aggravating factors as applied to the current charges. The Colorado conviction and revocation were based on a chemical test. Under Colorado law, Bergh was not entitled to consult with an attorney before deciding whether to submit to chemical testing. Bergh argued at the omnibus hearing on the current offense that the Colorado statute violated his Minnesota constitutional right to the assistance of counsel and that neither the conviction nor the license revocation from Colorado could be used as an aggravating factor in Minnesota. The district court ruled that the Colorado criminal conviction could not be used to enhance the Minnesota offenses but that the license revocation could be so used.

Bergh then submitted the matter to the court under a *Lothenbach* stipulation. *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). The court counted the Colorado license revocation as an aggravating factor and found Bergh guilty of the enhanced offenses and of driving after revocation of his driver's license. Bergh appealed.

## ISSUES

1. May an uncounseled Colorado driver's license revocation be used in Minnesota to enhance impaired driving charges when the Minnesota Constitution provides motorists with the right to consult with an attorney before deciding whether to submit to blood-alcohol testing?

2. If the state and the appellant stipulate that under Colorado law a motorist has no pre-test right to consult with an attorney, is appellant's affidavit stating that he submitted to testing without being given an opportunity to consult with coun-

sel sufficient to carry appellant's burden to produce evidence of violation of his constitutional right to counsel?

## ANALYSIS

■ The district court's denial of Bergh's motion to prohibit the use of his Colorado license revocation to enhance his current charges raises an issue of law. *State v. Othoudt,* 482 N.W.2d 218, 221 (Minn.1992). This court reviews questions of law de novo. *Id.*

■ In Minnesota, a driver has a limited right to consult with an attorney before deciding whether to submit to blood-alcohol testing. *Friedman v. Comm'r of Pub. Safety,* 473 N.W.2d 828, 833 (Minn.1991). This right to counsel is guaranteed under article I, section 6, of the Minnesota Constitution. *Id.* at 833–34.

■ Under Colorado law, a motorist has no right to confer with counsel before deciding whether to consent to chemical testing. *Calvert v. State, Dep't of Revenue, Motor Vehicle Div.,* 184 Colo. 214, 519 P.2d 341, 343 (1974); *Zahtila v. Motor Vehicle Div., Dep't of Revenue,* 39 Colo. App. 8, 560 P.2d 847, 849 (1977). Furthermore, under Colorado law, "[g]enerally, when a suspect does not submit to the test because he wants to talk to his attorney before deciding whether to take the test, it is deemed a refusal as a matter of law." *Drake v. Colo. Dep't of Revenue, Motor Vehicle Div.,* 674 P.2d 359, 361 (Colo.1984). It is clear that the Colorado law regarding pre-test right to counsel is not in accord with the Minnesota constitution.

Prior to 1998, the seminal case on the use of a prior uncounseled conviction to enhance a current offense was *State v. Nordstrom,* 331 N.W.2d 901 (Minn.1983). In *Nordstrom,* the Minnesota Supreme Court held that a prior uncounseled criminal conviction could not be used to enhance a later misdemeanor DWI offense to the level of a gross misdemeanor unless the right to counsel had been properly waived. *Id.* at 905.

In *State v. Dumas,* we considered the question of whether the *Nordstrom* prohibition extends to any prior uncounseled finding to enhance a latter charge or only to situations in which "the prior finding was obtained in violation of a defendant's *constitutional* rights." 587 N.W.2d 299, 302 (Minn.App.1998), *review denied* (Feb. 24, 1999). Our conclusion was that "we read *Nordstrom* as prohibiting the use of a prior *unconstitutionally* obtained conviction to enhance a subsequent charge." *Id.* We also noted that "implied consent proceedings are considered criminal for purposes of a right to counsel before submitting to chemical testing." *Id.* at 303.

*Dumas* is informative but is not controlling here. In *Dumas,* the motorist did not claim that he was denied pre-test assistance of counsel in violation of his constitutional rights. *Id.* at 302. Bergh, on the other hand, claims exactly that.

This case is controlled by *State v. Friedrich,* 436 N.W.2d 475 (Minn.App.1989). In *Friedrich,* the defendants pleaded guilty in Wisconsin to first-time DWI-related offenses that carried only civil penalties and for which no right to counsel was available. *Id.* at 476. The defendants were later charged with enhanced DWI offenses in Minnesota based on the prior Wisconsin offenses. *Id.* We held that because the prior Wisconsin convictions did not comport with the Minnesota constitution, they could not be used to enhance the Minnesota charges. *Id.* at 478.

■ It should be noted that although some cases have alluded to a distinction between civil and criminal labels in determining enhancement issues, we deem such an approach to be specious. In Minnesota,

the entire constitutional focus is on the moment a motorist is asked to submit to a chemical test. At that moment, the limited constitutional right of assistance of counsel is triggered irrespective of what subsequent proceeding might ensue. Minnesota law does not make any distinction as to how the test results might be used. No matter if the test results are used in civil or criminal proceedings, the motorist has a constitutional right to counsel before deciding whether or not to test. That is the principle implicated here.[1]

As in *Friedrich,* the denial of assistance of counsel to Bergh in Colorado violates the Minnesota constitution. Because the constitutional right implicated does not depend on whether the test might be used in a criminal or civil proceeding, the constitutional violation is complete at the moment assistance of counsel is denied. Thus, Bergh's Colorado license revocation, depending as it did on Bergh's chemical test failure, violated Bergh's Minnesota constitutional right and the revocation cannot be used to enhance Bergh's current offenses.

■ The state raises the issue of whether Bergh produced sufficient evidence to support the conclusion that he was in fact denied assistance of counsel in Colorado. *See State v. Mellett,* 642 N.W.2d 779, 789 (Minn.App.2002) (holding that the defendant must come forward with some evidence that he was deprived of counsel before the state will have the burden to show the absence of a constitutional violation), *review denied* (Minn. July 16, 2002).

Bergh contends that the state has raised this issue improperly for the first time on appeal and thus has waived it. He also contends that he has satisfied his burden to produce the requisite evidence.

Although the state likely has waived this issue, we hold that Bergh did meet his burden of production. In his affidavit he states that he was arrested in Colorado for DWI and was not given an opportunity to consult with counsel before submitting to a blood test. These facts, which the state does not dispute, coupled with the state's stipulation that, under Colorado law, Bergh was not entitled to consult with an attorney before submitting to a test, satisfy Bergh's burden under *Mellett.* If this were a case solely involving Minnesota law, the affidavit would be insufficient because it does not reveal that Bergh requested assistance of counsel before his test decision. But in Colorado that request would have been futile, unless we are to speculate that the Colorado authorities would gratuitously violate Colorado law and allow Bergh to speak with a lawyer before choosing to test or not. We do not require affidavits to reflect engagement in futile acts.

## DECISION

Because appellant's prior Colorado license revocation resulted from an uncounseled chemical test, it violates his Minnesota constitutional rights and may not be used to enhance appellant's current Minnesota offenses.

**Reversed.**

---

1. This limited right arises solely under the Minnesota constitution. The Sixth Amendment right to counsel under the federal constitution is not implicated.