**STATE of Minnesota, Respondent,**

v.

**Robert Raymond LOEFFEL, Appellant.**

**No. A07–1148.**

Court of Appeals of Minnesota.

May 20, 2008.

Lori Swanson, Attorney General, and Kenneth R. White, Office of Lawyers Professional Responsibility, St. Paul, MN, for respondent.

Carson J. Heefner, McCloud & Heefner P.A., Shakopee, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; STONEBURNER, Judge; and WRIGHT, Judge.

## OPINION

KLAPHAKE, Judge.

After appellant Robert Loeffel was charged with second-degree driving while impaired (DWI) under Minn.Stat. § 169A.25 (2006), he challenged the district court's ruling allowing the enhanced charge based on a prior 2002 civil license revocation in Wisconsin. He claims that enhancement was improper because Wisconsin, unlike Minnesota, does not afford a person suspected of driving under the influence with any right to consult with counsel before submitting to chemical testing. Because *State v. Schmidt,* 712 N.W.2d 530, 539 (Minn.2006), allows a prior foreign conviction that was based on a chemical test decision made without the limited right to counsel to be used to enhance a later Minnesota DWI offense, we conclude that the rationale of *Schmidt* is applicable when the underlying enhancement offense was civil in nature, and we affirm.

## FACTS

The facts of this case are not in dispute. On August 6, 2006, a Nicollet County peace officer discovered appellant near his vehicle and noticed indicia of his intoxication. The officer required appellant to submit to an Intoxilyzer test that revealed an alcohol concentration of .28. Appellant was charged by amended complaint with second-degree DWI under Minn.Stat. § 169A.25 (2006), as well as less serious offenses stemming from the same conduct. The district court denied appellant's motion to dismiss the second-degree charge based on his claim that a 2002 civil license revocation in Wisconsin could not be used to enhance the DWI charge to a second-degree offense. Appellant entered a guilty plea under *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), stipulating to the facts to preserve the right to appeal the charge enhancement issue.

## ISSUE

Did the district court err in declining to dismiss appellant's enhanced charge of second-degree DWI when the enhancement was based on a prior civil license revocation in Wisconsin?

## ANALYSIS

Applying the DWI statute to undisputed facts involves a question of law, and this court reviews questions of law de novo. *State v. Wiltgen,* 737 N.W.2d 561, 566 (Minn.2007). Under Minnesota law, the state may use a "[q]ualified prior impaired driving incident" to enhance a current DWI charge when the prior incident is either an "impaired driving conviction[ ]" or an "impaired driving-related loss[ ] of license." Minn.Stat. § 169A.03, subd. 22 (2006). The statute specifically states that a prior license "revocation" is a prior impaired driving-related loss of license. *Id.* at subd. 21. Thus, under the plain language of Minn.Stat. § 169A.03 (2006), appellant's license revocation in Wisconsin for operating a motor vehicle while intoxicated qualifies as a basis for charge enhancement in Minnesota. Appellant contends, however, that his Wisconsin revocation should not be used to enhance his Minnesota charge because it

was achieved without his having the right to consult with an attorney prior to deciding whether to submit to testing, a requirement under Minnesota law. *See Friedman v. Comm'r of Pub. Safety,* 473 N.W.2d 828, 835 (Minn.1991) (allowing a limited right to counsel before a defendant is asked to submit to chemical testing).

This issue was addressed in *State v. Schmidt,* 712 N.W.2d 530 (Minn.2006). There, the supreme court ruled that a defendant's prior South Dakota DWI convictions, which were based on chemical test decisions that were made without the limited right to counsel, could be used to enhance the defendant's Minnesota DWI charge. *Id.* at 539. The *Schmidt* court stated that Minnesota's "interest in preserving" the limited right to counsel granted in *Friedman* "is not sufficient to prohibit the use of" foreign convictions to enhance a Minnesota DWI charge. *Schmidt,* 712 N.W.2d at 539.

Appellant relies on *State v. Bergh,* 679 N.W.2d 734 (Minn.App.2004), a case issued by this court two years prior to the issuance of *Schmidt.* In *Bergh,* this court held that a Colorado driver's license revocation based on an uncounseled decision to submit to chemical testing could not be used to enhance a later Minnesota DWI charge. *Id.* at 738. Appellant contends that because appellant's prior revocation was civil, as in *Bergh,* rather than criminal, as in *Schmidt,* the district court erred by allowing enhancement of his charge to a second-degree offense. In *Schmidt,* however, the supreme court's holding was not specifically based on whether the underlying offense was civil or criminal, and the court noted that enhancement of an impaired driving offense could be based on "a prior impaired driving conviction or an impaired driving-related loss of license." *Schmidt,* 712 N.W.2d at 533. For this reason, we decline to read *Schmidt* in the narrow manner urged by appellant. We therefore conclude that *Bergh* is no longer controlling law-even in *Bergh* this court declined to distinguish between civil and criminal offenses for purposes of later enhancement of criminal charges, stating that "although some cases have alluded to a distinction between civil and criminal labels in determining enhancement issues, we deem such an approach to be specious." *Bergh,* 679 N.W.2d at 737. Because the plain language of Minn.Stat. ch. 169A and *Schmidt* support enhancement of appellant's DWI charge, we observe no error in the district court's decision allowing enhancement of the charge.

## DECISION

We affirm the district court's ruling allowing enhancement of appellant's DWI charge.

**Affirmed.**