*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1156**

State of Minnesota,
Respondent,

vs.

Paul Vang,
Appellant.

**Filed June 22, 2015
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62CR113666

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Laura Pietan, Interim St. Paul City Attorney, Steven E. Heng, Assistant City Attorney, St. Paul, Minnesota (for respondent)

Charles A. Ramsay, Daniel J. Koewler, Ramsay Law Firm, P.L.L.C., Roseville, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Stauber, Judge; and

Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal from his conviction of driving while impaired (DWI), appellant argues that the district court erred by concluding that (1) he freely and voluntarily consented to the breath test and (2) his two prior DWI convictions from Wisconsin were properly used to enhance the current DWI charge. We affirm.

## FACTS

In May 2011, a vehicle driven by appellant Paul Vang was stopped for a traffic violation. After appellant exhibited several indicia of intoxication and failed field sobriety tests, he was arrested on suspicion of DWI. Appellant was read the implied-consent advisory, which he stated that he understood. Appellant declined to speak with an attorney and agreed to take a breath test. The results of appellant's breath test revealed an alcohol concentration of 0.21.

Appellant was charged with two counts of DWI. The charges were enhanced to gross-misdemeanor offenses because appellant has two prior DWI convictions from Wisconsin. Appellant subsequently moved to suppress the use of the prior out-of-state convictions on the basis that Wisconsin statutes are not in conformity with Minnesota's DWI statutes. The district court denied the motion.

In May 2013, appellant moved to suppress the results of the breath test, claiming that they were fruits of an unconstitutional search and seizure. The district court delayed its ruling pending the outcome of the Minnesota Supreme Court's decision in *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). After that

decision was released, the district court denied appellant's motion, finding that under *Brooks*, appellant voluntarily consented to the search. Appellant then agreed to proceed with a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 4, and the matter was submitted to the district court for consideration of one count of second-degree DWI with the other second-degree DWI being dismissed. The district court found appellant guilty, and he was sentenced to a stay of execution for two years. This appeal followed.

## D E C I S I O N

### I.

When the facts are not in dispute, this court independently reviews whether the search fits within an exception to the Fourth Amendment. *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn. 1992). Voluntariness of consent to a search is a question of fact, and the district court's ruling will not be overturned unless it is clearly erroneous. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011).

The United States and Minnesota Constitutions guarantee people the right to be free from unreasonable searches. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Collection and testing of a person's breath constitutes a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989). A warrantless search is generally unreasonable unless it falls within a recognized exception to the warrant requirement. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007).

The United States Supreme Court has concluded that the exigency created by the dissipation of alcohol in a suspect's body is not a per se exception to the warrant

requirement. *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013). But the consent of the person whose breath is tested is an exception to the warrant requirement. *Brooks*, 838 N.W.2d at 568. "For a search to fall under the consent exception, the State must show by a preponderance of the evidence that the defendant freely and voluntarily consented." *Id.*

Appellant argues that his agreement to take a breath test, standing alone, is insufficient to show that his consent was voluntary. He argues further that his consent was coerced and involuntary because he was in custody, and the implied-consent advisory advises drivers that they are required to take a chemical test.

Appellant is correct that an agreement, standing alone, is not dispositive of consent. *See Johnson v. United States*, 333 U.S. 10, 13, 68 S. Ct. 367, 368 (1948) (holding that consent to search requested under the "color of office" was a mere submission to authority and not valid consent); *State v. High*, 287 Minn. 24, 27-28, 176 N.W.2d 637, 639 (1970) (holding that written consent was a mere submission to legal authority where the defendant had been held in custody for a prolonged period of time). But in *Brooks*, the supreme court stated that "[w]hether consent is voluntary is determined by examining the totality of the circumstances." 838 N.W.2d at 568 (quotation omitted). The relevant circumstances include "the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 569 (quotation omitted). When considering the nature of the encounter, a court should ask how the police came to suspect the driver was under the influence, whether

4

police read the driver the implied-consent advisory, and whether the driver had an opportunity to consult with an attorney. *Id.*

In *Brooks*, the supreme court identified three primary reasons why Brooks's consent was voluntary and not coerced. First, Brooks was read the implied-consent advisory, which "made clear to him that he had a choice of whether to submit to testing." *Id.* at 572. The supreme court rationalized that "[w]hile an individual does not necessarily need to know he or she has a right to refuse a search for consent to be voluntary, the fact that someone submits to the search after being told that he or she can say no to the search supports a finding of voluntariness." *Id.* Second, Brooks had "the ability to consult with counsel," which the supreme court stated supports the conclusion that a defendant's decision was voluntary. *Id.* Third, Brooks "was neither confronted with repeated police questioning nor was he asked to consent after having spent days in custody." *Id.* at 571. The supreme court reasoned that "nothing in the record suggests that Brooks was coerced in the sense that his will had been overborne and his capacity for self-determination critically impaired." *Id.* (quotation omitted).

Here, the stop of appellant was valid after a Minnesota State Trooper observed appellant commit traffic-lane violations. The trooper also had probable cause to arrest appellant for DWI after he slurred his speech, smelled of alcohol, "admitted to consuming alcohol before driving," failed field sobriety tests, and failed a preliminary breath test. Moreover, like Brooks, appellant was read the implied-consent advisory, which made it clear that he had the choice to refuse testing. And the record reflects that appellant was not confronted with repeated police questioning and did not spend days in

5

custody.  Additionally, appellant was not denied the opportunity to speak with an attorney; rather, he declined to consult an attorney.  Finally, the supreme court in *Brooks* expressly rejected the argument that the implied-consent advisory, on its own, is unconstitutionally coercive.  838 N.W.2d at 569-72 ("[A] driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test.").  Therefore, under *Brooks*, appellant's consent was voluntary, and the district court did not err by concluding that appellant's Fourth Amendment rights were not violated.

## II.

Appellant argues that the district court erred by concluding that his two prior DWI convictions from Wisconsin could be used as aggravating factors to enhance his current DWI charge because the Wisconsin statutes are not "in conformity with" Minnesota law.  "Statutory construction is a question of law and is reviewed de novo."  *State v. Wukawitz*, 662 N.W.2d 517, 525 (Minn. 2003).

A person is guilty of second-degree DWI "if two or more aggravating factors were present when the violation was committed."  Minn. Stat. § 169A.25, subd. 1(a) (2010).  An aggravating factor includes "a qualified prior impaired driving incident within the ten years immediately preceding the current offense."  Minn. Stat. § 169A.03, subd. 3(1) (2010).  A "'[q]ualified prior impaired driving incident' includes prior impaired driving convictions."  Minn. Stat. § 169A.03, subd. 22 (2010).  And a "'[p]rior impaired driving conviction' includes a prior conviction under . . . an ordinance from this state, or a statute

6

or ordinance from another state, in conformity with any provision listed in clause (1), (2), (3), or (4)." Minn. Stat. § 169A.03, subd. 20(5) (2010).

Appellant does not dispute that the two convictions from Wisconsin used to enhance the current offense constitute prior impaired-driving convictions. But appellant argues that the Wisconsin statutes under which he was convicted are not "in conformity with" Minnesota law because Minnesota affords individuals a right to consult with an attorney before submitting to an alcohol test, while Wisconsin law does not. Thus, appellant claims that the Wisconsin convictions cannot be used to enhance the current offense.

We disagree. In *Friedman v. Comm'r of Pub. Safety*, 473 N.W.2d 828, 837 (Minn. 1991), the Minnesota Supreme Court held that individuals have the limited right to a reasonable amount of time in which to attempt to consult with counsel before complying with implied-consent testing or refusing to do so. But, in *State v. Schmidt*, 712 N.W.2d 530 (Minn. 2006), the Minnesota Supreme Court addressed an argument similar to the one made by appellant. In that case, the defendant argued that his South Dakota DWI convictions could not be used to enhance his Minnesota DWI offense because, in his South Dakota cases, he was not provided the opportunity to consult with a lawyer before deciding whether to submit to a chemical test. *Id.* at 533. The supreme court disagreed, concluding that the prior South Dakota DWI convictions could be used to enhance the defendant's Minnesota DWI charge. *Id.* at 539. The court stated that Minnesota's "interest in preserving" the limited right to counsel granted in *Friedman* "is not sufficient to prohibit the use of" foreign convictions to enhance a Minnesota DWI

charge. *Id.*; *see also State v. Loeffel*, 749 N.W.2d 115, 116-17 (Minn. App. 2008) (holding that a DWI charge may be enhanced based on a Wisconsin revocation of a driver's license, even if the defendant was not given the opportunity to consult with an attorney before he submitted to an alcohol-concentration test), *review denied* (Minn. Aug. 5, 2008).

Appellant argues that *Schmidt* and *Loeffel* are not controlling because they were not presented with the issue of whether the out-of-state statutes were "in conformity with" Minnesota statutes. We disagree. Appellant's argument relies on an immaterial distinction when, in fact, the crux of appellant's claim is that his present DWI offense cannot be enhanced by offenses from another state that do not have pre-testing right to counsel. Both *Schmidt* and *Loeffel* rejected this argument. Moreover, in *State v. Geyer*, the defendant argued that his Ohio DWI conviction could not be used to enhance the penalty of his subsequent Minnesota DWI conviction because the "Minnesota and Ohio implied consent statutes are not in conformity." 355 N.W.2d 460, 461 (Minn. App. 1984). This court recognized that Minnesota's implied-consent statutes require that a person be advised that he may consult with an attorney before submitting to an alcohol-concentration test, but that Ohio's implied-consent statute has no such requirement. *Id.* The court concluded that "[a]part from this difference, the two statutes prohibit identical behavior. It is the prohibited behavior which must be in conformity, not the evidentiary standards by which that act is proven." *Id.*

Here, appellant was convicted twice in Wisconsin of driving while impaired under Wisc. Stat. § 346.63(1)(a). As in *Geyer*, the Wisconsin statute is in conformity with the

8

Minnesota statute at issue because they prohibit the same behavior—driving while impaired. *Compare* Wisc. Stat. § 346.63(1)(a), *with* Minn. Stat. § 169A.20, subd. 1(5) (2010). Moreover, both *Schmidt* and *Loeffel* clearly rejected the argument that a Minnesota DWI offense cannot be enhanced by offenses from another state that do not allow a pre-testing right to counsel. Therefore, the district court did not err by concluding that appellant's two prior DWI convictions from Wisconsin could be used as aggravating factors to enhance his current DWI charge.

Finally, appellant argues that his 2007 conviction from Wisconsin cannot be used to enhance the current charge because he "was denied many fundamental constitutional rights, including the right to a unanimous jury, to be proven guilty by a standard of beyond a reasonable doubt and only upon a plea that includes a sufficient factual basis." But as the state points out, the case was submitted to the district court under Minn. R. Crim. P. 26.01, subd. 4. This subdivision provides for a "[s]tipulation to prosecution's case to obtain review of a pretrial ruling." Minn. R. Crim. P. 26.01, subd. 4. Subpart (f) states that, under that subdivision, "[t]he defendant must also acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt, or of other issues that could arise at a contested trial." Minn. R. Crim. P. 26.01, subd. 4(f). Because appellant's argument challenges the sufficiency of the evidence to support his conviction, it cannot be raised on appeal under rule 26.01, subdivision 4(f).

**Affirmed.**