# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A25-0736

State of Minnesota,
Respondent,

vs.

Joseph William Finfrock,
Appellant.

**Filed April 20, 2026**
**Affirmed in part, reversed in part, and remanded**
**Schmidt, Judge**

Hennepin County District Court
File No. 27-CR-24-14404

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, N. Nate Summers, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael McLaughlin, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larson, Presiding Judge; Johnson, Judge; and Schmidt, Judge.

## SYLLABUS

To determine whether an out-of-state offense is "in conformity with" a Minnesota offense such that the out-of-state offense may be used to enhance a gross misdemenaor offense to a felony under Minnesota Statutes section 609.3451, subdivision 3(b)(3) (2022), a district court must determine whether the elements of the out-of-state offense would satisfy the elements of the Minnesota offense.

**OPINION**

**SCHMIDT**, Judge

Appellant Joseph William Finfrock challenges his conviction of fifth-degree criminal sexual conduct, arguing that (1) the evidence was legally insufficient to enhance the Minnesota offense to a felony, and (2) the district court committed reversible error by admitting evidence of his prior offense to prove intent or lack of mistake. Both parties agree that this case should be remanded for recalculation of Finfrock's criminal-history score. We affirm in part, reverse in part, and remand for resentencing.

**FACTS**

In 2024, respondent State of Minnesota charged Finfrock with one count of fifth-degree criminal sexual conduct—nonconsensual sexual contact, in violation of Minnesota Statutes section 609.3451, subdivision 1a(1) (2022). The state enhanced the charge from a gross misdemeanor to a felony because Finfrock had been convicted of an Ohio offense of a criminal-sexual-conduct offense in 2018.[1] *See* Minn. Stat. § 609.3451, subd. 3(b)(3) (2022) (enhancing a gross misdemeanor to a felony under certain conditions).

During the three-day trial, the state offered—over Finfrock's objection—evidence of two prior offenses to prove intent or lack of mistake: (1) a conviction for violating an Ohio criminal-sexual-conduct statute, and (2) a 2022 Ramsey County conviction for

---

[1] Finfrock was convicted under Ohio Revised Code section 2907.06(A)(4) (2002) for touching a "13-year-old victim's thigh and inner thigh and pubic area."

violating a Minnesota criminal-sexual-conduct statute.[2]  The district court concluded, as a matter of law, that the Ohio statute under which Finfrock was convicted was "in conformity with" Minnesota Statutes section 609.3451, subdivision 1a(1).  The jury found Finfrock guilty of felony fifth-degree criminal sexual conduct.

At sentencing, the district court used the Ohio conviction to enhance Finfrock's conviction from a gross misdemeanor to a felony.  The district court also included the Ohio conviction in the calculation of Finfrock's criminal-history score.

Finfrock appeals.

## ISSUES

I.  Did the district court err when it concluded that the Ohio statute, section 2907.06(A)(4), is in conformity with Minnesota Statutes section 609.3451, subdivision 1a(1)?

II.  Did the district court abuse its discretion when it granted the state's motion to admit *Spreigl* evidence?

III.  Did the district court err in calculating Finfrock's criminal-history score?

---

[2] Finfrock was convicted of fifth-degree criminal sexual conduct—nonconsensual sexual contact in violation of Minn. Stat. § 609.3451, subd. 1a(1).

**ANALYSIS**

**I.**    **The district court did not err when it concluded that the Ohio statute is "in conformity" with the comparable Minnesota statute.**

Finfrock argues that the evidence is insufficient to prove that he committed a felony-level fifth-degree criminal-sexual-conduct crime because his Ohio conviction is not "in conformity" with the Minnesota crime. This presents an issue of first impression.

To address this question, we must perform a statutory analysis of both the Minnesota and the Ohio statute. *See State v. Vasko*, 889 N.W.2d 551, 556 (Minn. 2017) ("Because the meaning of a criminal statute is intertwined with the issue of whether the State proved beyond a reasonable doubt that the defendant violated the statute, it is often necessary to interpret a criminal statute when evaluating an insufficiency-of-the-evidence claim."). "We review issues of statutory interpretation de novo." *Id.*

The Minnesota statute under which Finfrock was convicted states, a person is guilty of fifth-degree criminal-sexual-conduct offense if "the person engages in nonconsensual sexual contact." Minn. Stat. § 609.3451, subd. 1a(1). For a fifth-degree criminal-sexual-conduct offense, the Minnesota Legislature has defined "sexual contact" to mean:

> (i) the intentional touching by the actor of the complainant's intimate parts, or
>
> . . . .
>
> (iv) in any of the cases above, the touching of the clothing covering the immediate area of the intimate parts, or
>
> (v) the intentional touching with seminal fluid or sperm by the actor of the complainant's body or the clothing covering the complainant's body.

4

Minn. Stat. § 609.341, subd. 11(a) (2022); *see also* Minn. Stat. § 609.3451, subd. 1a(1) ("For purposes of this section, 'sexual contact' has the meaning given in section 609.341, subdivision 11, paragraph (a), clauses (i), (iv), and (v)").  A violation of criminal sexual conduct in the fifth-degree is a gross misdemeanor unless the conviction is enhanced to a felony by operation of subdivision 3(b).  Minn. Stat. § 609.3451, subd. 2 (2022).  Subdivision 3(b)(3) states that "[a] person is guilty of a felony . . . if the person violates subdivision . . . 1a within ten years of . . . the first of two or more previous convictions for violating subdivision 1a, clause (1), or a statute from another state in conformity with this offense."  Minn. Stat. § 609.3451, subd. 3(b)(3).

Our analysis focuses on the meaning of "in conformity with" in Minnesota Statutes section 609.3451, subdivision 3(b)(3).  The parties have cited no authority—and we have found none—that interprets this phrase in section 609.3451, subdivision 3(b)(3).  But we do not conduct this statutory analysis from a blank slate.  Minnesota courts have performed similar analyses when considering whether a conviction for out-of-state driving while under the influence (DWI) is "in conformity with" a Minnesota DWI conviction such that the Minnesota conviction may be enhanced to a felony.  *See, e.g.*, *Anderson v. State*, 305 N.W.2d 786, 787 (Minn. 1981) (comparing elements of Minnesota and Colorado DWI statutes); *State v. Geyer*, 355 N.W.2d 460, 461 (Minn. App. 1984) (comparing elements of Minneosta and Ohio DWI statutes).

When a Minnesota statute incorporates out-of-state statutes "in conformity with" the Minnesota statute, Minnesota courts have held that "[i]t is the prohibited behavior which must be in conformity, not the evidentiary standards by which that act is proven."

5

*Geyer*, 355 N.W.2d at 461. In *Anderson*, the Minnesota Supreme Court compared the elements of the Minnesota and Colorado DWI statutes and concluded that the elements of the offenses are the same, and that, if proven in Minnesota, would justify a conviction for DWI. 305 N.W.2d at 787. The supreme court reached this conclusion even though the statutes had different evidentiary proof requirements. *Id.*

Similarly, in *Geyer*, we held that Minnesota and Ohio implied-consent statutes were "in conformity" because the laws "prohibit[ed] identical behavior." 355 N.W.2d at 461. We reached this conclusion even though "Minnesota's implied consent statute require[d] that a person be advised that he may consult with an attorney before taking a breath, blood or urine test[,]" whereas "Ohio's implied consent statute ha[d] no such requirement." *Id.*

We see no reason to deviate from the statutory analysis of "in conformity with" that courts have applied in the DWI context when comparing out-of-state convictions to their Minnesota counterparts. Thus, we hold that to determine whether an out-of-state conviction is "in conformity with" a Minnesota conviction for fifth-degree criminal-sexual-conduct conviction, a district court should determine whether the elements of the out-of-state conviction satisfy the elements of Minnesota Statutes section 609.3451, subdivision 1a(1). *See* Minn. Stat. § 609.3451, subd. 3(b)(3). With this framework in mind, we now turn to Finfrock's specific arguments.

The Ohio statute under which Finfrock was convicted provided:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

6

(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

(2) The offender knows that the other person's, or one of the other person's, ability to appraise the nature of or control the offender's or touching person's conduct is substantially impaired.

(3) The offender knows that the other person, or one of the other persons, submits because of being unaware of the sexual contact.

(4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.

(5) The offender is a mental health professional, the other person or one of the other persons is a mental health client or patient of the offender, and the offender induces the other person who is the client or patient to submit by falsely representing to the other person who is the client or patient that the sexual contact is necessary for mental health treatment purposes.

Ohio Rev. Code Ann. § 2907.06. Finfrock was convicted of violating subdivision (A)(4).

Ohio's subdivision (A)(4) is "in conformity with" Minnesota's fifth-degree criminal-sexual-conduct statute, which prohibits (1) engaging in sexual contact; (2) with a victim who does not consent to the contact. Minn. Stat. § 609.343, subd. 1a(e) (2022). Finfrock's actions in Ohio also would also satisfy the elements of Minnesota's fifth-degree criminal-sexual-conduct statute because he (1) engaged in sexual contact (2) with a victim who could not consent to the contact. Minn. Stat. § 609.3451, subd. 1a(1); *see also Bjerke v. Johnson*, 727 N.W.2d 183, 193 (Minn. App. 2007) ("The preclusion of consent as a

7

defense to statutory rape reflects the feeling of society in general that sexual contact by adults with children under 16 is reprehensible whether or not the child consents, because at that age, the child should be deemed incapable of consenting."), *aff'd*, 742 N.W.2d 660 (Minn. 2007). Because the elements for the Ohio offense prohibit the same behavior as the Minnesota statute, we conclude that the Ohio statute is "in conformity with" the Minnesota fifth-degree criminal-sexual-conduct statute.

Finfrock asserts that because the Ohio statute prohibits a broader range of conduct than the Minnesota statute, the two laws are not in conformity.[3] Finfrock essentially argues for a standard that the statutory elements of the out-of-state conviction be identical to the elements in Minnesota's statute. But the plain language of subdivision 3(b)(3) does not require that the elements of the out-of-state statute be "identical" to the elements of the Minnesota statute. *See* Minn. Stat. § 609.3451, subd. 3(b)(3). Rather, the two statutes must be "in conformity with" one another. *Id.* If the legislature desired a framework that required the out-of-state statute to be "identical," it would have used that language rather than requiring "conformity." Because the elements in Ohio Revised Code section 2907.06(A)(4) and Minnesota Statutes section 609.3451, subdivision 1a(1) prohibit the same behavior, the district court did not err in using the Ohio conviction to enhance Finfrock's fifth-degree criminal-sexual-conduct conviction to a felony-level offense.

---

[3] Arguably, the elements of the Ohio statute would also be "in conformity with" Minnesota's second-degree criminal-sexual-conduct statute. *Compare* Ohio Rev. Code Ann. § 2907.06(A), *with* Minn. Stat. § 609.343, subd. 1a(e).

8

**II.** **The district court did not abuse its discretion when it granted the state's motion to enter *Spreigl* evidence about Finfrock's Ramsey County conviction to prove intent or lack of mistake.**

Finfrock argues that the district court abused its discretion by admitting Finfrock's Ramsey County conviction as *Spreigl* evidence.[4] We disagree.

To protect a "defendant's constitutional right to a fair trial," Minnesota courts have generally excluded "evidence connecting a defendant with other crimes, except for purposes of impeachment." *State v. Ness*, 707 N.W.2d 676, 685 (Minn. 2006) (quotation omitted). But *Spreigl* evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn. R. Evid. 404(b)(1). A district court may admit *Spreigl* evidence if five requirements are met: (1) the state gave adequate notice of its intent to use the evidence; (2) the state indicated a valid purpose that "the evidence is being offered to prove"; (3) there is "clear and convincing proof that the defendant participated in the other offense"; (4) the "evidence is relevant and material"; and (5) the district court concludes that the probative value of the "evidence is not substantially outweighed by its potential for unfair prejudice" to the defendant. *Washington*, 693 N.W.2d at 201.

We review a district court's admission of *Spreigl* evidence for an abuse of discretion. *State v. Griffin*, 887 N.W.2d 257, 261 (Minn. 2016). If a district court abused its discretion in admitting the *Spriegl* evidence, we next must determine whether there is a "reasonable possibility" that the error significantly affected the verdict. *Id.* at 262.

---

[4] Evidence of "prior bad acts" is known as *Spreigl* evidence. *State v. Washington*, 693 N.W.2d 195, 200 (Minn. 2005) (citing *State v. Spreigl*, 139 N.W.2d 167 (Minn. 1965)).

Finfrock argues that the district court failed to weigh the probative value of the *Spreigl* evidence for a non-propensity purpose against the risk of unfair prejudice as required by caselaw and rule 404(b). Finfrock's assertion is not supported by the record.

At trial, the state argued that the district court should admit the evidence of the Ramsey County conviction. In doing so, the prosecutor provided detailed argument for each of the five factors on the admission of *Spreigl* evidence. *See Ness*, 707 N.W.2d at 685. Finfrock asked the district court to deny the motion. The district court indicated its intention to admit the evidence so long as Finfrock continued with the defense theory that this was a mistake or a misunderstanding and that he had no sexual intent.

Finfrock objected to the *Spreigl* evidence a second time at the end of trial. The district court overruled the objection, but noted it would provide a limiting jury instruction.

On appeal, Finfrock fails to show that the district court abused its discretion when it granted the state's motion to admit *Spreigl* evidence at trial. Finfrock cites *State v. Smith*, 749 N.W.2d 88 (Minn. App. 2008), to argue that the district court did not give adequate weight to the dissimilarities between the Ramsey County case and Finfrock's present charges. In *Smith*, we reversed the admission of *Spreigl* evidence, in part, because there were "more dissimilarities than similarities" between prior conviction and charges before the jury. 749 N.W.2d at 95. Here, the district court had an opportunity to weigh the factual similarities and dissimilarities between the two incidents while listening to testimony from three witnesses about the Ramsey County conviction. The district court considered and rejected any dissimilarities that might weigh against admitting the evidence. We discern no abuse of discretion in the district court's decision.

We also discern no abuse of discretion in the district court's weighing of the five requirements before admitting the *Spreigl* evidence. *See Washington*, 693 N.W.2d at 201 (reciting five requirements district courts should consider when deciding whether to admit *Spreigl* evidence). First, the state provided notice of its intent to use the evidence. *Id.* Second, the state clearly indicated a valid non-propensity purpose—of intent and lack of mistake—that the evidence being offered would prove. *Id.* Third, there is "clear and convincing proof"—the conviction—that Finfrock "participated in the other offense[.]" *Id.* Fourth, the evidence of the conviction was relevant and material to the state's case for proving intent and a lack of mistake. *Id.* Fifth, the probative value did not outweigh the potential for unfair prejudice. *Id.* The five factors support our determination that the district court did not abuse its discretion in admitting the evidence.

Finally, the district court minimized the potential for unfair prejudice by providing appropriate instructions that limited the jurors consideration of the Ramsey County conviction. The district court provided the limiting instructions before the relevant testimony was heard, after the testimony concluded, and during the final instructions. We presume the jury followed the district court's instructions and considered the testimony for the appropriate limited use. *State v. Fardan*, 773 N.W.2d 303, 320 (Minn. 2009) (determining that district court abused its discretion by admitting *Spreigl* evidence of defendant's past criminal sexual conduct, but concluding that the error was harmless, in part, because district court provided the jury with limiting instructions and "jury is presumed to have followed [the] instructions"). The district court did not abuse its discretion in admitting the *Spreigl* evidence.

11

**III.    The district court erred in calculating Finfrock's criminal-history score.**

Finfrock argues the district court abused its discretion in calculating his criminal-history score.  *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002) (reviewing calculation of criminal-history score for an abuse of discretion).  We agree.

Under the Minnesota Sentencing Guidelines, "[w]hen the current offense is a felony solely because the offender has previous convictions for misdemeanor and gross misdemeanor offenses," the prior convictions "may be used in determining custody status, but cannot be used in calculating the remaining components of the offender's criminal history score."  Minn. Sent'g Guidelines § 2.B.6.a (2022).

Here, Finfrock's gross-misdemeanor offense was enhanced to a felony based, in part, on the Ohio conviction.  As such, the guidelines did not authorize the district court to use that same conviction to calculate Finfrock's criminal-history score.  *Id.*  We, therefore, reverse and remand for the district court to recalculate Finfrock's criminal-history score.

**DECISION**

Because the Ohio statute is in conformity with the Minnesota statute, the district court properly used Finfrock's Ohio conviction to enhance his Minnesota offense to a felony.  Finfrock failed to demonstrate that the district court abused its discretion in admitting the *Spreigl* evidence.  We, therefore, affirm Finfrock's conviction.

But we reverse and remand for the district court to resentence Finfrock with a criminal-history score that does not include the Ohio conviction.

**Affirmed in part, reversed in part, and remanded.**